CHARLES E. McGINNIS and AILEEN O. McGINNIS, *Appellees,* v. THE CITY OF WICHITA, *Appellant.*

No. 40,350

ALBERT E. ARRINGTON and NORMA LEE ARRINGTON, *Appellees,* v. THE CITY OF WICHITA, *Appellant.*

No. 40,351

AINO W. KIRBY and LOUISE M. KIRBY, *Appellees,* v. THE CITY OF WICHITA, *Appellant.*

No. 40,352

EDWIN ALEXIS THOMPSON and JUANITA VIRGINIA THOMPSON, *Appellees,* v. THE CITY OF WICHITA, *Appellant.*

No. 40,353

JOHN O. CONAWAY and CARROL R. CONAWAY, *Appellees,* v. THE CITY OF WICHITA, *Appellant.*

(306 P. 2d 127)

Opinion filed January 12, 1957.

*Robert C. Helsel,* of Wichita, argued the cause, and *Fred W. Aley,* also of Wichita, was with him on the briefs for appellant.

*Roy L. Rogers,* of Wichita, argued the cause and was on the briefs for appellees.

The opinion of the court was delivered by

FATZER, J.: These five actions were brought by property owners against the City of Wichita to recover damages sustained to their homes when a concrete street slid and moved toward their property and pressed against it. The trial court overruled the City's demurrers to each of the petitions on the grounds they failed to allege a cause of action, and the City has appealed.

Silverdale Court is a paved concrete street in one of the newer additions in Wichita and it curves in a wide arc of approximately 90 degrees from an east and west direction to a north and south direction. The homes of these five plaintiffs adjoin and are located on this particular curve. They are of frame construction with attached garages which have concrete floors and foundations. Concrete driveways from the floor of each garage to the concrete curb line on Silverdale Court were constructed to permit ingress and egress from the street. On or about the 15th to the 20th day of June, 1953, the surface of Silverdale Court, together with its curbs and gutters, slid and moved toward the property of the plaintiffs and pushed the driveways, and the driveways in turn pushed against the floors and foundations of the garages and houses causing the floors and foundations to buckle and move, thereby causing the frame structures of the houses to be twisted, timbers to be separated from their joints and break, thus damaging each plaintiffs' property.

The allegations of the petitions are identical except for the names of the plaintiffs, identity of the property involved, and the amount of recovery sought; hence, these appeals were ordered consolidated. Our discussion concerns No. 40,349 and is applicable to Nos. 40,350, 40,351, 40,352 and 40,353.

Silverdale Court was constructed by the Globe Construction Company under contract and direction of the City of Wichita and was at all times under the control of the City. There are no allegations in the petition that the City of Wichita was negligent in the construction or maintenance of this street nor are there allegations concerning causation of any character. Neither does the petition disclose that plaintiffs filed a written statement with the city clerk giving the time, place and circumstances of the injury received as required by G. S. 1949, 12-105.

The City contends that G. S. 1949, 12-105 establishes a condition precedent to the maintenance of an action against a municipality on account of injury to persons or property and that in the absence of

affirmative allegations disclosing compliance with such condition, a petition against a city to recover damages resulting from injury to persons or property fails to state a cause of action. The contention is supported by our decisions. In *Hibbs v. City of Wichita*, 176 Kan. 529, 271 P. 2d 791, it was said:

"Resort to the statute, which we pause to note has been applicable to cities of the first class since 1903 (L. 1903, Ch. 122 § 7), to cities of the second class since 1919 (L. 1919, Ch. 143 § 1) and cities of the third class since the 1923 revision of our general statutes (R. S. 1923, 12-105), is all that is required to establish that the legislature of this state has seen fit to fix the terms, conditions and circumstances under which it is possible to maintain a suit against a municipality for injury to person or property for there in clear and unequivocal language appears the statement that 'no action shall be maintained by any person or corporation against any city' on that account unless under compliance with the other provisions therein set forth. Thus it appears decisions of this court dealing with such statute are entitled to weight as controlling precedents regardless of the type of city involved.

"This court has always recognized the power of the legislature to enact a statute establishing conditions precedent to the maintenance of an action against a city for damages to person or property and long ago, in construing 12-105, *supra*, determined that its provisions established conditions precedent to the bringing of such an action which must be pleaded in order to withstand a demurrer based on the ground the petition failed to state a cause of action. . . ." (l. c. 532, 533.) (Emphasis ours.)

For other decisions of the same import see, *Cook v. Topeka*, 75 Kan. 534, 90 Pac. 244; *Dechant v. City of Hays*, 112 Kan. 729, 212 Pac. 682; *Mowery v. Kansas City*, 115 Kan. 61, 222 Pac. 126; *Davis v. City of El Dorado*, 126 Kan. 153, 267 Pac. 7; *Ray v. City of Wichita*, 138 Kan. 686, 27 P. 2d 288; *Wildin v. City of Hutchinson*, 177 Kan. 671, 282 P. 2d 377; and, *Howell v. City of Hutchinson*, 177 Kan. 722, 282 P. 2d 373.

In *Wildin v. City of Hutchinson*, supra, it was held that the filing of a claim under the statute in question is an essential part of a plaintiff's cause of action against a city and that the language of this statute is all inclusive and applies to all claims against a city whether arising out of its performance of either governmental or proprietary functions.

We have examined the authorities cited by the plaintiffs and in particular *Rogers v. City of Coffeyville*, 95 Kan. 171, 147 Pac. 816, and *State Highway Comm. v. Puskarich*, 148 Kan. 388, 83 P. 2d 132. In the Rogers case, *supra*, it was recognized that the City's demurrers to the petition and to the evidence, and the motion for a new trial, were general in their terms and did not call specific attention to the defect in the pleading and in the proof of failure to

comply with the statute. Here, the City forcefully asserts that an essential element of plaintiffs' cause of action was not pleaded—compliance with G. S. 1949, 12-105—and, therefore, plaintiffs' petition necessarily fails to state a cause of action against the City. In *Dechant v. City of Hays,* supra, it was expressly held that city officials cannot waive the requirements of G. S. 1949, 12-105.

The Puskarich case, *supra,* (l. c. 390) states that where a corporation having the power of eminent domain enters upon and appropriates the land of another person for public purposes without acquiring title thereto by formal condemnation or otherwise, the landowners may waive formal condemnation and may sue upon an implied contract for the value of the property taken. Here, although the plaintiffs' brief asserts that the street encroaches upon their property, the allegations of their petition do not bear this out. Moreover, if the petition did allege such encroachment, this fact would not relieve plaintiffs from pleading and proving compliance with G. S. 1949, 12-105. (*Wildin v. City of Hutchinson,* supra.)

An indispensable element of plaintiffs' cause of action was omitted from their petition by their failure to allege the filing of a written statement with the city clerk as prescribed in G. S. 1949, 12-105, and, consequently, the City's demurrer was erroneously overruled. Hence, the judgment of the trial court is reversed and the cause remanded with instructions to proceed in conformity with the views expressed in this opinion.

It is so ordered.

HALL, J., not participating.