No. 43,508

TINEY E. ALEXANDER and SARAH EFFIE ALEXANDER, *Appellants,* v. THE CITY OF ARKANSAS CITY, KANSAS, a Municipal Corporation, *Appellee.*

(396 P. 2d 311)

Opinion filed November 7, 1964.

*E. Dexter Galloway,* of Hutchinson, argued the cause, and *Milburn E. Geist,* of Augusta, was with him on the briefs for the appellants.

*Kirke W. Dale* and *Donald Hickman,* both of Arkansas City, argued the cause, and *George E. Sybrant,* City Attorney, and *William E. Cunningham,* both of Arkansas City, were with them on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, C. J.: This was an action to recover permanent damages to plaintiff's real estate resulting from a continuing nuisance in the erection and operation of a sewage disposal plant by the defendant city.

This case, with other companion cases, was previously before this court on an appeal from a demurrer to the petition. See *Adams v. City of Arkansas City,* 188 Kan. 391, 362 P. 2d 829, where the

order sustaining the demurrer to the petition was reversed. The case is now here on appeal from the verdict and judgment rendered against the plaintiffs in the trial on the merits.

The amended petition alleged in substance that: The plaintiffs are husband and wife and own real estate in Sleeth Addition to the City of Arkansas City, Kansas, which they occupy as their home. The defendant, the City of Arkansas City, Kansas, constructed a sewage disposal plant in Sleeth Addition to the City of Arkansas City which was placed in operation in November, 1958. On or about the 25th day of December, 1958, and at all times since that date, the defendant has by the operation of the sewage plant wrongfully allowed the discharge of foul, noxious and disagreeable odors which permeated through the house of the plaintiffs creating a continuing and permanent nuisance and, as a result of the nuisance complained of, the market value of the plaintiffs' real estate has been permanently reduced and depreciated in the sum of $4,174. Attached to the petition, and made a part thereof, was the notice of claim to the city for damages to the real property dated March 13, 1959.

Specific allegations set out in the notice of claim will be discussed later. However, it should be noted at this point that the notice of claim did specifically allege that the defendant was guilty of negligence in the construction and operation of the plant.

The answer was in the form of a general denial and contained specific allegations which refuted the charge of negligence in the construction and operation of the sewage plant.

The case was tried by a jury which rendered a general verdict in favor of the defendant. Plaintiffs have appealed alleging numerous trial errors.

Many of the alleged errors are related and may be grouped and disposed of by a single discussion.

At the outset appellants contend that the trial court erred: (1) in not sustaining their motion to strike certain allegations from the answer; (2) in not requiring the defenses, set forth in the answer, to be separately stated and numbered; (3) in not sustaining the demurrer to certain parts of the answer. It should be noted that the challenged allegations of the answer deal with facts refuting negligence in the construction and operation of the plant.

In connection with the foregoing contentions the appellants also

contend that the trial court erred in permitting the introduction of evidence in support of the allegations heretofore mentioned.

Appellants argue that their cause of action was based on a nuisance, not negligence, and that they make no contention that appellee was guilty of negligence, either active or passive. Our examination of the amended petition discloses otherwise.

The appellants are bound by the statutory claim which they are required to file as a precedent to the maintenance of an action against a city and allegations of the petition must comply with the statements made in their claim. This rule is well-stated in *Adams v. City of Arkansas City*, 188 Kan. 391, 362 P. 2d 829, where it is said and held:

"The section of the statute applicable to a decision herein is G. S. 1959 Supp., 12-105. It provides in part as follows:

" 'No action shall be maintained by any person or corporation against any city on account of injury to person or property unless the person or corporation injured shall within three (3) months thereafter and prior to the bringing of the suit file with the city clerk a written statement, giving the time and place of the happening of the accident or injury received and the circumstances relating thereto: . . .'

"In actions of this nature the appellants are bound by the statutory claim which they are required to file with the city clerk pursuant to 12-105, *supra*, as a condition precedent to the maintenance of any action against a municipality, and their rights of recovery are based upon such claim. (*Watkins v. City of El Dorado*, 183 Kan. 363, 327 P. 2d 877; and *Hibbs v. City of Wichita*, 176 Kan. 529, 271 P. 2d 791.) Moreover, to maintain such an action it is incumbent to affirmatively allege in the petition compliance with such condition to state a cause of action. (*McGinnis v. City of Wichita*, 180 Kan. 608, 306 P. 2d 127.) Here the appellants incorporated the claim in their amended petition by reference, and since it is controlling, the amended petition cannot vary the statements made in their claim. (*Watkins v. City of El Dorado*, supra.)" (p. 397.)

In argument on the points now under consideration appellants wholly overlook and ignore the fact that attached to and made a part of the petition was their notice of claim which, in part, reads:

"THAT the city of Arkansas City, Kansas, during the five months last past has owned and negligently operated, and still owns and negligently operates a new and defective sewage treatment plant and said city has continuously during the past five months wrongfully and negligently discharged and still does discharge from said sewage treatment plant large volumes of noxious and offensive odors, gases, fumes and stench upon, around, in, and over the real property of complainants and creating thereby a continuing nuisance against

the claimants' real property by said acts, and to the great injury of claimants' property."

The appellants insist that regardless of the allegations of their petition, which as pointed out includes their claim, any allegations in the answer which refute a charge of negligence is irrelevant, redundant, immaterial and prejudicial. In support of this position they direct our attention to 39 Am. Jur., Nuisances, § 24, p. 305, where it is stated:

". . . recovery in an action for a nuisance cannot be defeated by showing that there was no negligence on the part of the defendant, . . ."

We have no quarrel with the rule of law just stated but the appellants neither read nor quote far enough. The same section of the legal treatise from which they quote continues:

"However, a 'nuisance' may be and frequently is the consequence of negligence, or the same acts or omissions which constitute negligence may give rise to a nuisance. Thus, there are certain situations in which what was lawful may be turned into a nuisance by negligence in maintenance, and in which the danger, being a continuing one, is often characterized as a nuisance, although dependent upon negligence, as in the case of a highway out of repair. Also, negligent use may make a structure a nuisance which would not be a nuisance otherwise.

"The negligence, if any, may usually be proved in nuisance cases, even though it is not essential to the right of recovery, for the purpose of fixing the responsibility for the existence of the condition which constitutes the cause of complaint, or possibly as a mitigating circumstance, or for its effect upon the terms or conditions of the decree." (39 Am. Jur., Nuisances, § 24, p. 306.)

In view of what has been stated we are forced to conclude that where a petition alleges negligence in the construction and operation of a sewage disposal plant creating a nuisance the defendant may plead and prove facts which refute the charge of negligence.

The appellants contend that the trial court erred in permitting the introduction of evidence as to events, circumstances, and occurrences after March 13, 1959, the date the claim for alleged damage was filed; in allowing experts to give an opinion as to value based on facts occurring after March 13, 1959; and in not by its instructions limiting the facts and conditions which the jury was to consider to facts and conditions which existed during the 90 day period preceding the filing of the claim for damages on March 13, 1959. They also contend that what happened or occurred after March 13, 1959, has no bearing on the issues raised by the petition; that the expert testimony should have been limited to giving an

opinion on value before the creation of a nuisance and immediately thereafter; and that the jury should have been instructed to consider only the value of the real estate as of December 15, 1958, and March 13, 1959.

Appellants further suggest that the only question involved is whether there was an effect on the price which a seller would take or a buyer would pay for the property on March 13, 1959. In addition they assert that even had the city torn down the sewage disposal plant after March 13, 1959, and thus had eliminated all odors, this would in no way affect the value of the appellants' property or the damages which they should recover as a permanent or continuing nuisance.

In support of the contentions just related appellants call our attention to the cases of *Steifer v. City of Kansas City*, 175 Kan. 794, 267 P. 2d 474, and *Adams v. City of Arkansas City*, supra. These cases are not authority for and do not support appellants' position.

In the Steifer case the court held that in an action against the city where damages resulted from a nuisance the proof of damages was limited to the date of the filing of the claim. However, the case is no authority for the statement that where the action is for permanent damages from a continuing nuisance it cannot be shown that the nuisance was abated after the claim for damages was filed. A nuisance is not continuing if abated and there is no showing that the odor once removed caused any permanent damage to the involved real estate.

In the Adams case the court was considering only the question as to whether a petition stated a cause of action for the diminution in the value of real estate and in no way considered the merits of the controversy and the right to recover damages. The court held that the landowner is entitled to recover as damages the diminution in the market value of the land caused by the nuisance within such period of three months preceding the filing of the claim. The case is in no sense authority for a contention that evidence could not be presented to establish a complete abatement of the nuisance which would refute the contention of permanent injury from a continuing nuisance which diminished the market value of the land.

We have given considerable attention to the appellants' arguments on the foregoing contentions because of the seriousness with which they present their position and their feeling that their rights

have been seriously abused because of the opposite position taken by the trial court. We are, however, impelled to hold that, where an action is brought against a city for permanent damages to real estate from a continuing nuisance although the plaintiffs' damages are limited to damages which occurred prior to filing of the claim with the city, the city can introduce proof that the nuisance is not continuing or has been abated even though the abatement occurred after the date the claim is filed.

This court has not had occasion to pass on this specific question. However, we approve of the general rule as stated in 66 C. J. S., Nuisances, §§ 172, 175, pp. 977, 978, 979, as follows:

"Where the nuisance has been abated before trial, there can be no recovery of prospective damages or of damages as for a permanent nuisance." (§ 172.)

"Where the injury is temporary or remediable, the measure of damages is not the depreciation of the value of the property, but the depreciation of the rental or usable value during the continuance of the injury within the period limited by the statute of limitations; and damages as for a permanent injury cannot be allowed where the injury is temporary or the nuisance removable. . . ." (§ 175.)

In the case at bar there was no claim made in the pleadings, nor during the trial, for damages other than for a permanent injury from a continuing nuisance.

The appellants present other alleged trial errors but it is not seriously contended that standing alone they would amount to prejudicial error. Instead it is urged that "all of these, built one upon the other, contribute to the gross error and injustice resulting in the trial."

We have discussed all alleged trial errors which might have been of sufficient importance to have resulted in prejudice if appellants' legal contentions had been correct and a careful examination of the entire record discloses no error which would require the granting of a new trial or a reversal of the judgment.

The testimony as to the existence of any nuisance and damages resulting therefrom was in dispute. The general verdict of the jury resolved all factual issues in favor of the defendant. See, e. g., *Grigsby v. Jenkins*, 183 Kan. 594, 331 P. 2d 284, and *Howell v. Ablah*, 188 Kan. 244, 250, 361 P. 2d 872.

What has been heretofore stated and held compels an affirmance of the judgment.

It is so ordered.

FONTRON, J., not participating.