**J. L. KAMSLER, Plaintiff-Appellant,**

**v.**

**H. A. SEINSCHEIMER CO. OF CINCINNATI, OHIO, Defendant-Appellee.**

**No. 14957.**

United States Court of Appeals
Seventh Circuit.

June 24, 1965.

Rehearing Denied Oct. 11, 1965.

See 86 S.Ct. 84.

J. L. Kamsler, Chicago, Ill., pro se, for appellant.

Max E. Wildman, David Jacker of Kirkland, Ellis, Hodson, Chaffetz & Masters, Chicago, Ill., for appellee.

Before HASTINGS, Chief Judge, and DUFFY and SCHNACKENBERG, Circuit Judges.

HASTINGS, Chief Judge.

Plaintiff Jack L. Kamsler, acting *pro se*, initially brought this action in the United States District Court for the Northern District of Illinois, on behalf of himself, his wife and children, the People of the State of Illinois and the People of the United States of America. H. A. Seinscheimer Co. of Cincinnati, Ohio was named as defendant. Plaintiff sought to recover $20,000,000 in alleged damages resulting from an alleged false arrest, false imprisonment, malicious prosecution and conspiracy.

The original complaint was filed on May 25, 1964. On June 1, 1964, the district court, on its own motion, dismissed the complaint for lack of jurisdiction. On June 8, 1964, plaintiff petitioned the district court to reopen the case, and on June 15, 1964, plaintiff filed a verified amended complaint. Subsequently, the cause was reinstated and the June 1, 1964 order of dismissal was vacated.

On June 16, 1964, defendant filed and presented to the district court a motion to quash the purported service of summons, or in the alternative to dismiss the amended complaint. On the same date, the motion to quash the service of summons was argued and granted.

On June 23, 1964, plaintiff served summons on another purported representative of defendant. On June 30, 1964, defendant again moved to quash the service of this summons, filing the affidavit of the person served in support thereof. No counter-affidavits were filed in opposition. However, on July .16, 1964, the district court denied the motion to quash the service of summons.

The motion to quash filed on June 30, 1964 petitioned for alternative relief seeking to dismiss or strike the amended complaint on the grounds, *inter alia*, that it failed to state a claim against defendant upon which relief could be granted, for failure to allege the existence of a bona fide jurisdictional amount and that plaintiff lacked capacity to sue in the various capacities set forth in his amended complaint, other than in his own behalf.

On August 17, 1964, defendant filed its brief in support of its motion to dismiss the amended complaint. On September 14, 1964, plaintiff filed his answering brief and on September 22, 1964, defendant filed its reply brief.

On September 25, 1964, after hearing oral argument by the parties, the district court granted defendant's motion to dismiss the amended complaint for the reason that it failed to state a claim upon which relief could be granted. At the same time, judgment was entered dismissing the cause of action and for costs against plaintiff.

On October 14, 1964, plaintiff filed a motion for leave to file a second amended complaint and praying that the dismissal order entered on September 25, 1964 "be withdrawn." On October 30, 1964, the district court denied leave to file a second amended complaint, the motion not being accompanied by a copy of the second amended complaint sought to be filed. The remaining part of the motion was continued for hearing.

On November 3, 1964, plaintiff again moved for leave to file a second amended complaint. This was *continued for hearing* to November 16, 1964 and then to November 30, 1964.

On November 30, 1964, a hearing was had on plaintiff's motions. No evidence was presented in support of his motion to vacate the order of dismissal. Plaintiff's motions to vacate and for leave to file a second amended complaint were denied.

On or about December 3, 1964, plaintiff again moved to reopen the case, but in the absence of any showing of just cause, the motion was denied.

On December 7, 1964, plaintiff filed his notice of appeal from the order entered on December 3, 1964.

We have set out the foregoing chronology of events in fairness to the district court. It is apparent from the record that the trial court exercised great patience with plaintiff and attempted, in vain, to make clear to him the minimal essentials of his purported claim as the basis for a complaint for damages.

█ Without particularizing the details, a cursory examination of plaintiff's original and first amended complaints make clear they completely fail to state a claim on which relief could be granted. The district court did not err in so holding.

█ The district court did not abuse its discretion in denying leave to plaintiff to file a second amended complaint. Further, an examination of the proposed second amended complaint reveals that it is no improvement on its two predecessors.

Questions have been raised on appeal concerning the jurisdiction of the district court, the service of process, the jurisdictional amount and the adequacy of the notice of appeal. We might add, *sua sponte,* the adequacy of plaintiff's brief and appendix. We need not and do not reach or decide these questions.

Plaintiff prosecuted this appeal *pro se,* as it was his right to do. He stated he was a law school graduate but had not been admitted to practice law. His learning in the law was not enough, although he gained considerable experience in the practice of law in this exercise of litigious futility.

We affirm the judgment of the district court in dismissing the action on the grounds that plaintiff's several complaints failed to state a claim upon which relief could be granted and that the trial court did not abuse its discretion in denying leave to file the second amended complaint.

Affirmed.