No. 45,161

MOETTA JAMES, *Appellant,* v. THE CITY OF WICHITA, KANSAS, and LOYNS MANUEL, *Appellees.*

(447 P. 2d 817)

Opinion filed December 7, 1968.

*James W. Sargent,* of Wichita, argued the cause and *L. D. Klenda,* of Wichita, was with him on the brief for appellant.

*H. E. Jones,* of Wichita, argued the cause and *John Dekker,* of Wichita, was with him on the brief for appellee, The City of Wichita.

The opinion of the court was delivered by

FROMME, J.: This is an appeal from a judgment dismissing an action against a city for the reason the petition failed to contain a sufficient statement and denying permission to amend the petition for the reason the statute of limitations had intervened.

The petition filed by Moetta James alleges:

"On August 28, 1964, at the intersection of Payne and 17th Streets, in Wichita, Sedgwick County, Kansas, Loyns Manuel, an agent of the City of Wichita, while acting upon the business of the City of Wichita, negligently drove a motor vehicle against the vehicle in which plaintiff was riding.

"As a result, plaintiff was thrown down, sustained a broken collar bone, a broken knee cap, and miscellaneous bruises and abrasions, and suffered great pain of body and mind, and incurred expenses for medical attention and hospitalization in the sum of $900.00.

"Wherefore, the plaintiff demands judgment against the City of Wichita, Kansas, and Loyns Manuel jointly and severally in the sum of $12,000.00, the costs of this action, and such other relief and remedy as the court shall deem just and equitable."

At a pre-trial conference, held over a year after answers were filed, the defendant city moved for a dismissal on the ground the petition failed to allege the filing of a claim as required by K. S. A. 12-105.

K. S. A. 12-105 provides:

"No action shall be maintained by any person or corporation against any city on account of injury to person or property unless the person or corporation injured shall within three (3) months thereafter and prior to the bringing of the suit file with the city clerk a written statement, giving the time and place of the happening of the accident or injury received and the circumstances relating thereto:  .  .  .  Such city shall have thirty (30) days from the time of the filing of such statement to make settlement with the claimant if it so desire."

During argument on the motion plaintiff moved for permission to amend the petition to allege compliance with the statute. A copy of a statement of accident and injury, together with a receipt showing service on September 18, 1964, was submitted to the court in support of the motion.

The sufficiency of this statutory notice is not questioned. It reads as follows:

"Statement of Accident and Injury.

"To the Clerk of the City of Wichita, Kansas:

"On August 28, 1964, at approximately 2:30 o'clock p. m., at the intersection of Payne and 17th Streets in the City of Wichita, Kansas, a collision occurred between the automobile driven by Sharon Kay James and a Sanitation Truck of the City of Wichita driven by Lyons (sic) Manuel, a City employee.

"Moetta James was a passenger in the automobile driven by Sharon Kay James. As a result of the collision caused by negligence of the driver of the Sanitation Truck, Moetta James sustained a broken collar bone, a broken knee cap, and miscellaneous bruises and abrasions. She is currently confined at St. Francis Hospital and School of Nursing, Inc., and the amount of injury which she has sustained is presently undeterminable.

"I hereby certify that the same is correct, reasonable and just."

The petition was filed within two years after the accident. The amendment, if allowed, would have been made after the two year statute of limitations had run.

The first question presented is whether the statement in the petition is sufficient to set forth a claim showing the pleader is entitled to relief against the city under our present rules of pleading.

K. S. A. 60-208 (*a*) provides:

"A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim shall contain (1) a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief to which he deems himself entitled. Relief in the alternative or of several different types may be demanded."

The statute requires a short and plain statement of the claim showing the pleader is *entitled to relief.*

K. S. A. 60-209 (*c*) provides:

"*Conditions precedent.* In pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred. A denial of performance or occurrence shall be made specifically and with particularity."

In the present case the pleader did not attempt to plead compliance with K. S. A. 12-105. She did not plead performance of the condition precedent by a general averment.

To support her position, that the statement of claim set forth in the petition was sufficient, plaintiff points out the petition follows Form No. 13 contained in the appendix of forms referred to in K. S. A. 60-268. These forms are for illustration purposes. They are intended to indicate the simplicity and brevity of statement which the rules of pleading contemplate. The provisions of the pleading statutes control any decision which concerns the actual sufficiency of a pleading. The form used as a model (Form No. 13) does not purport to state a claim for relief against a municipality and its contents, are not persuasive in the present case.

In a long line of cases this court has held compliance with K. S. A. 12-105 is an indispensable element in a claim for relief against a city. In *Cook v. Topeka,* 75 Kan. 534, 90 Pac. 244, the effect of the statute on pleading a claim for relief was considered and discussed. In subsequent cases this court consistently held the filing of the statutory statement of accident and injury was a condition precedent to maintenance of the action and must be pleaded and proved. (See *Hibbs v. City of Wichita,* 176 Kan. 529, 271 P. 2d 791.) Under our former practice which required fact pleading this

condition precedent had to be pleaded and proved with particularity. (See *Hibbs v. City of Wichita,* supra; *McGinnis v. City of Wichita,* 180 Kan. 608, 306 P. 2d 127; *Alexander v. City of Arkansas City,* 193 Kan. 575, 396 P. 2d 311.)

Compliance with the statute remains a condition to be met before a claim for relief against a city may be maintained. A party who fails to file the statutory statement is *not entitled to relief.*

It is conceded in this case the plaintiff complied with the statute but failed to plead her compliance. Our pleading statute requires a general averment that conditions precedent have been performed or have occurred. (K. S. A. 60-209 (c)) Under the concept of notice pleading a general averment is sufficient. It is no longer necessary to set forth with particularity all facts required to prove compliance.

Performance of this condition precedent is a prerequisite to a valid claim for relief against the city. The plaintiff did not aver performance of the condition. Therefore the petition did not indicate the pleader was *entitled to relief.* The petition was defective.

We turn to the second question presented.

At pre-trial conference the plaintiff moved for permission to amend the petition in this particular. It is conceded the statutory statement of claim was filed with the city clerk in compliance with K. S. A. 12-105. The original petition stated a claim based upon the same conduct or occurrence. The city did receive timely notice of the conduct or occurrence out of which the claim arose.

The code authorizing the amendment of pleadings specifies that leave shall be given freely when justice so requires. (K. S. A. 60-215 (a).)

K. S. A. 60-215 (c) provides:

"*Relation back of amendments.* Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleadings, the amendment relates back to the date of the original pleading."

While there is no exception stated in the rule it should not be applied when it would be inequitable or work an injustice to strictly apply the doctrine of relation back. (*Gerrard v. Campbell,* D. C. Ill., 81 F. Supp 752.)

Under the case law existing prior to the adoption of our present rules of practice if the petition failed to allege fulfillment of a condition precedent an amendment did not relate back so as to toll the

running of a statute of limitations. (*Liphart v. Myers*, 97 Kan. 686, 156 Pac. 693; *Becker v. Porter*, 119 Kan. 626, 240 Pac. 584; *Clark v. Wilson*, 149 Kan. 660, 88 P. 2d 1070; *Lane v. Franco-Central Oil Co.*, 184 Kan. 789, 339 P. 2d 1.)

On the other hand if the amendment merely amplified, corrected or perfected the statement of facts the amendment related back to the original petition and the statute was tolled. (*Springer v. Roberts*, 151 Kan. 971, 101 P. 2d 908; *Smith v. LaForge*, 170 Kan. 677, 228 P. 2d 509.)

The present rules of practice in Kansas are patterned after the federal rules. The federal rules seek to make pleadings and amendments less technical in keeping with the idea that pleading a precise cause of action should not be the deciding factor. The deciding factor on relating an amendment back to the petition is whether the other party was actually notified of the litigation involving a described conduct, transaction or occurrence. (*Tiller v. Atlantic Coast Line*, 323 U. S. 574, 89 L. Ed. 465, 65 S. Ct. 421.)

The notes of the advisory committee which drafted our present rules of practice read in part as follows:

"Section (*c*), dealing with relation back of amendments, is important only when the statute of limitations would bar a new suit. Here an amendment which changes the 'cause of action,' as that term has been commonly construed, is allowed if the amended claim arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading and thus defeat the bar of the statute of limitations." (Gard, Kansas Civ. Proc. § 60-215 (*c*), p. 79.)

Fowks, Harvey and Thomas in 2 Vernon's Kansas Statutes Annotated, § 215.4, p. 83 state:

"Subdivision (*c*) provides that an amendment may relate back to the date of the original pleading when the claim or defense, asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading. This would appear to be a more liberal test than that existing under previous practice. Clearly, if no statute of limitations is involved, the court should freely permit amendment, even though a new claim is thereby introduced, if an expeditious disposition of controversies between the parties will thereby be furthered. (Citing cases.)

"If there is a statute of limitations question in the case, a pleading may not be considered as relating back where it is amended to state a new or different claim or defense unless such claim or defense arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading. . . ."

In support of the trial court's order refusing the amendment the city cites *United States v. Reiten*, D. C. Alaska, 1961, 191 F. Supp.

864 and *Texas Cement Co. v. McCord*, 233 U. S. 157, 58 L. Ed. 893, 34 S. Ct. 550. Those cases relate to petitions filed before any claim for relief came into existence. The petitions were filed prematurely. The conditions precedent to those claims did not occur until after the petitions were filed. In such case an amendment cannot relate back to antedate compliance with the conditions precedent.

In the present case K. S. A. 12-105 was complied with long before the petition was filed. The condition was performed and plaintiff's claim for relief had been perfected.

The provisions of K. S. A. 60-215 (*c*) were considered in *Schmidt v. Nauman*, 202 Kan. 131, 446 P. 2d 828. The question in *Schmidt* related to an amendment setting up a claim for relief against a corporation not previously in the action. It was held the filing of the petition did not toll the statute of limitations as to the corporation. No claim for relief against the corporation was attemped by the pleader until permission to amend was sought. An amendment under such circumstances does not relate back to the original petition. This holding is in line with the federal authorities applying Federal Rule 15 (*c*) as it appeared prior to amendment in 1966 and as it now appears in K. S. A. 60-215 (*c*). (*See United States v. Western Casualty & Surety Company*, C. A. Tenn., 1966, 359 F. 2d 521.)

The facts encompassed in our present case parallel those in *Anderson v. Abbott*, Ky. 1945, 61 F. Supp. 888. In *Anderson* the plaintiff failed to plead facts showing a statutory condition precedent to the action had been met. Amendment was permitted to show the condition precedent to liability had occurred. The court held the amendment related back to toll the statute since the claim asserted in the amendment pleading arose out of the conduct, transaction or occurrence attempted to be set forth in the original pleading.

In keeping with the concept of notice pleading which abandons the technical implications of asserting all facts necessary to prove and establish a claim for relief, the amendment should have been permitted. The amended pleading asserted a claim which arose out of the same conduct or occurrence attempted to be set forth in the original pleading. The provisions of K. S. A. 12-105 had been complied with before the petition was filed. The defendant city was properly advised and notified of the occurrence which gave rise to the claim. We discern no injustice to defendant in relating

the amendment back to the original petition. The intervention of the bar of the statute of limitations is not sufficient reason to refuse the amendment in this case. To refuse amendments for this reason alone would render K. S. A. 60-215 (c) meaningless.

The judgment is reversed and the case is remanded with instructions to permit the amendment and proceed in accordance with this opinion.