No. 45,381

Loy Fankhauser and Robert Neumayer, *Appellants*, v. The City of El Dorado, Kansas, a Body Politic, *Appellee*.

(457 P. 2d 146)

Opinion filed July 17, 1969.

*Franklin D. Gaines,* of Augusta, and *Leonard F. Watkins, Jr.,* of El Dorado, were on the brief for appellants.

*James B. McKay, Jr.,* City Attorney, was on the brief for appellee.

The opinion of the court was delivered by

Fromme, J.: The plaintiffs filed a claim for relief to recover

damages to an aircraft alleged to have been caused by faulty tie-downs at the municipal airport operated by the city of El Dorado, Kansas. The trial court sustained motions to dismiss both the original petition and an amended petition for the reason each failed to state a claim against the defendant city upon which relief could be granted. Thereafter, the court refused to grant plaintiffs permission to file a second amended petition. The plaintiffs have appealed.

The trial court dismissed both the petition and the amended petition. Both pleadings were held defective because they failed to allege compliance with the provisions of K. S. A. 12-105.

K. S. A 12-105 in pertinent part provides:

"No action shall be maintained by any person or corporation against any city on account of injury to person or property unless the person or corporation injured shall within three (3) months thereafter and prior to the bringing of the suit file with the city clerk a written statement, giving the time and place of the happening of the accident or injury received and the circumstances relating thereto: . . ."

Plaintiffs' petition followed the general form of notice pleading in a tort action. The original petition contained no allegation that the conditions of K. S. A. 12-105 had been performed.

When the amended petition was filed it contained one additional paragraph which alleged:

"5. That claim has been made against the defendant, which said claim has. neither been paid or denied."

The plaintiffs first contend the provisions of this statute constitute an affirmative defense, and compliance therewith need not be alleged in the petition. They further contend that the added paragraph in their amended petition is sufficient to allege compliance with this statute. They argue the amended petition would relate back to the date of the original petition, thus they avoid the bar of the statute of limitations.

Similar contentions were recently examined in *James v. City of Wichita,* 202 Kan. 222, 447 P. 2d 817. There the court said:

"In a long line of cases this court has held compliance with K. S. A. 12-105. is an indispensable element in a claim for relief against a city. In *Cook v. Topeka,* 75 Kan. 534, 90 Pac. 244, the effect of the statute on pleading a. claim for relief was considered and discussed. In subsequent cases this court consistently held the filing of the statutory statement of accident and injury was a condition precedent to maintenance of the action and must be pleaded' and proved. (See *Hibbs v. City of Wichita,* 176 Kan. 529, 271 P. 2d 791.) Under our former practice which required fact pleading this condition precedent had to be pleaded and proved with particularity. (See *Hibbs v. City of*

*Wichita,* supra, *McGinnis v. City of Wichita,* 180 Kan. 608, 306 P. 2d 127; *Alexander v. City of Arkansas City,* 193 Kan. 575, 396 P. 2d 311.)

"Compliance with the statute remains a condition to be met before a claim for relief against a city may be maintained. A party who fails to file the statutory statement is *not entitled to relief.*" (pp. 224, 225.)

We further said:

". . . Our pleading statute requires a general averment that conditions precedent have been performed or have occurred. (K. S. A. 60-209 (*c*)) Under the concept of notice pleading a general averment is sufficient. It is no longer necessary to set forth with particularity all facts required to prove compliance.

"Performance of this condition precedent is a prerequisite to a valid claim for relief against the city. The plaintiff did not aver performance of the condition. Therefore the petition did not indicate the pleader was *entitled to relief.* The petition was defective." (p. 225.)

Compliance with K. S. A. 12-105 is a condition precedent to a claim for relief against a city on account of injuries to a person or property.

In *James* we also examined the provisions of K. S. A. 60-215 (*c*), covering the relation back of amendments, and we set forth some guidelines to govern when such amendments may be permitted without injustice. However, the amended petition in the present case was not sufficient to allege compliance with the statute and the question of whether the amended petition related back to the original petition need not be considered. The paragraph added to the amended petition merely stated *a claim had been made against the defendant.* Such statement cannot be considered as sufficient to allege performance of the statutory condition precedent, *i. e.* compliance with K. S. A. 12-105.

Since no reference to this specific statute was contained in the pleading we cannot presume the claim to which plaintiffs referred fulfilled the requirements of the statute. We note the statute requires a written statement. It must be filed with the city clerk within three months and must set forth definite information concerning the accident or injury. There is nothing in this record to indicate the statutory requirements were met before the action was filed.

A claim for relief against a city for damage to property which fails to aver generally that the conditions imposed by K. S. A. 12-105 have been complied with is defective and fails to state a claim upon which relief can be granted.

In holding the amended petition insufficient we are not retreating from what was said in *James v. City of Wichita,* supra. Under K. S. A. 60-209 (*c*) it is sufficient to aver generally that a condition precedent has been performed or has occurred. The amended petition in the present case did not aver generally that the statutory condition precedent imposed by K. S. A. 12-105 had been complied with. Therefore, both the petition and the amended petition were defective.

Plaintiffs next contend the trial court abused its discretion in denying their oral motion to file a second amended petition. The oral motion was made after the trial court had determined the amended petition failed to state a claim upon which relief could be granted and after the action had been dismissed.

K. S. A. 60-215 (*a*) provides that a party may amend his pleading once as a matter of course at any time before a responsive pleading is served. The plaintiffs had exercised this right. Permission to file a second amended petition had to be obtained by leave of court or by written consent. Leave of court or written consent of the adverse party was not obtained.

In *Hoover Equipment Co. v. Smith,* 198 Kan. 127, 422 P. 2d 914. this court said:

". . . A trial court is given wide latitude and discretion in permitting or refusing amendments of pleading in the interests of justice. In the absence of a clear abuse of discretion the order of the trial court should be approved. (Citations omitted.)" (p. 133.)

This general rule was again recognized and applied in *Trimble, Administrator v. Coleman Co., Inc.,* 200 Kan. 350, 437 P. 2d 219, where it was said leave to amend should be freely given when justice so requires. We are confronted with the question of whether the trial court under the facts of this case abused its judicial discretion by refusing to permit the second amended petition to be filed.

In order for appellants to show the trial court abused its discretion by refusing to permit an amended pleading to be filed they must make it appear affirmatively that such refusal results in manifest injustice. (*Hoover Equipment Co. v. Smith,* supra; *Trimble, Administrator v. Coleman Co., Inc.,* supra; see also 1A Barron and Holtzoff [Wright], Federal Practice and Procedure, § 445, p. 722.)

In the present case, after two unsuccessful attempts to plead their claim plaintiffs sought permission by oral motion to file a third pleading. A copy of the proposed second amended petition

was not tendered with the motion. The plaintiffs made absolutely no showing in the trial court that a proper claim had been filed under K. S. A. 12-105. They made no attempt to show a valid reason for their lack of diligence in pleading.

The rule requiring leave of court for amendment to pleading and providing that leave shall be freely given when justice so requires is not a mechanical absolute right. The circumstances and terms upon which such leave is to be freely given are committed to the informed judgment and discretion of the trial judge.

Lack of diligence may be sufficient reason to refuse permission to file an amended pleading. Where there has been lack of diligence in amending a pleading, the burden is on the pleader to show some justification for the oversight, inadvertence or neglect. Leave to amend may be denied unless the pleader shows some valid reason for his neglect and delay. (*Freeman v. Continental Gin Company*, [5 C. A. 1967] 381 F. 2d 459; 1A Barron and Holtzoff, *supra*, § 446, p. 731.)

It has been held a motion for leave to file a second amended complaint which was not accompanied by a copy of the proposed second amended complaint was properly denied when the pleader made no attempt to show just cause for his lack of diligence. (*Kamsler v. H. A. Seinscheimer Co. of Cincinnati, Ohio*, [7 C. A. 1965] 347 F. 2d 740.)

This court cannot say the trial judge abused judicial discretion in refusing to permit plaintiffs to file a third pleading. The plaintiffs have not made it affirmatively appear that the trial court's refusal to permit such amended pleading results in manifest injustice.

We have examined the other contentions set forth in the appellants' statement of points and it has not been made to appear the trial court committed prejudicial error.

The judgment is affirmed.