Robert N. COWDREY,
Plaintiff-Appellant,

v.

CITY OF EASTBOROUGH, KANSAS;
David Wilson, and David Vickery,
Defendants-Appellees.

No. 80–1513.

United States Court of Appeals,
Tenth Circuit.

March 30, 1984.

Fred W. Phelps, Jr., Topeka, Kan., for plaintiff-appellant.

Richard L. Honeyman and Alan L. Rupe of Kahrs, Nelson, Fanning, Hite & Kellogg, Wichita, Kan., for defendant-appellee City of Eastborough, Kansas.

Richard D. Ewy and Charles P. Efflandt of Foulston, Siefkin, Powers & Eberhardt, Wichita, Kan., for defendants-appellees Wilson and Vickery.

Robert T. Stephan, Atty. Gen., and Leslie A. Kulick, Asst. Atty. Gen., Topeka, Kan., for amicus curiae State of Kan.

Before SETH, HOLLOWAY, McWILLIAMS, BARRETT, DOYLE, McKAY, LOGAN and SEYMOUR, Circuit Judges.

SEYMOUR, Circuit Judge.

Robert Cowdrey appeals the dismissal of his action under 42 U.S.C. § 1983 (1976) against the City of Eastborough (the City) and two City police officers, David Wilson and David Vickery. Cowdrey alleges that Wilson and Vickery violated his constitutional rights by using excessive force to wrongfully arrest him, and that the City negligently and recklessly employed, trained, and supervised Wilson and Vickery. Cowdrey also asserts state law claims against the officers and the City. We reverse in part, affirm in part, and remand for further proceedings.[1]

I.

## BACKGROUND

Viewed in the light most favorable to Cowdrey,[2] the record reveals that at about two a.m. on September 11, 1976, Cowdrey directed his car off a main thoroughfare onto a side street so that one of two companions could "relieve himself." Rec., vol. I, at 108. As the companion returned to the car, Officer Wilson arrived and asked Cowdrey and his friend to get out of the car. Cowdrey's second companion apparently was lying in the back seat and was undetected by the police until later when he left the car voluntarily. Wilson refused to state why the men were being detained and had them wait with their hands on the car until a backup officer, Vickery, arrived.

Wilson then initiated a frisk of Cowdrey. When Wilson "hit at [Cowdrey's] crotch" during the frisk, *id.* at 109, Cowdrey protested verbally and raised his open hand above his head. Wilson finished the frisk, began a second one, and Cowdrey again protested. Wilson completed the second frisk and began a third one. When Cowdrey warned Wilson during the third frisk, Vickery "threw himself on [Cowdrey's] back," *id.* at 110, and a scuffle ensued. Cowdrey was struck on the head numerous times with a flashlight and maced in the face. After this exchange, Cowdrey was handcuffed and maced again. Wilson and Vickery then took Cowdrey in handcuffs to a hospital where his head cuts were sutured.

Cowdrey was charged with battery against a police officer, and was subsequently tried and acquitted by a jury. He filed this lawsuit on September 8, 1978, almost two years after the incident giving rise to his claims.

---

1. The instant case was originally argued to a panel of this court. On our own motion before a decision was issued, we granted rehearing en banc in this case and several others to consider the appropriate limitations period for section 1983 claims. *See Garcia v. Wilson*, 731 F.2d 640 (10th Cir.1984).

2. The district court granted summary judgment against Cowdrey on one claim and dismissed the others. Upon review of either a dismissal or a grant of summary judgment, we are obliged to view the materials before us most favorably to the losing party. *Thomas v. United States Department of Energy*, 719 F.2d 342, 344 (10th Cir.1983); *Poolaw v. City of Anadarko*, 660 F.2d 459, 461 (10th Cir.1981).

The district court dismissed the entire suit. The court concluded that both the state law claims and the section 1983 claims against Wilson and Vickery are barred by the applicable statute of limitations, and that the state law claim against the City is barred by Cowdrey's failure to comply with a Kansas statute providing that no action may be maintained against a city unless a written claim is first presented to the city clerk. The court then granted summary judgment for the City on the merits of Cowdrey's section 1983 claim on the ground that Cowdrey failed to come forward with evidence creating an issue of fact after the City offered evidence that it had not been negligent in hiring, training, or supervising the individual defendants.

## II.

## THE CIVIL RIGHTS CLAIMS

### A. The Individual Defendants

█ Because Congress has not provided an express statute of limitations for section 1983 claims, the courts must select the most analogous state limitations period. *See* 42 U.S.C. § 1988 (1976); *Board of Regents v. Tomanio*, 446 U.S. 478, 483–84, 100 S.Ct. 1790, 1794–95, 64 L.Ed.2d 440 (1980). In holding that Cowdrey's section 1983 claims against defendants Wilson and Vickery are time-barred, the district court applied the one-year Kansas limitations period governing "[a]n action for assault, battery, malicious prosecution or false imprisonment." Kan.Stat.Ann. § 60–514(2) (1976).

█ In *Garcia v. Wilson*, 731 F.2d 640 (10th Cir.1984) (en banc), decided this day, we considered the method by which an appropriate state statute of limitations is to be chosen for section 1983 claims. We concluded as a matter of federal law that all section 1983 claims are in essence actions for injury to the rights of another. *See id.*, at 650–51. Under this analysis, Kan.Stat.Ann. § 60–513(a)(4) (1976), which

provides a two-year limitations period for "[a]n action for injury to the rights of another, not arising on contract, and not herein enumerated," is clearly the most analogous state statute. *See Pike v. City of Mission*, 731 F.2d 655 (10th Cir.1984). Accordingly, Cowdrey's section 1983 claims against Wilson and Vickery are timely and the dismissal of these claims must be reversed.

### B. The City

The Supreme Court in *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), addressed the circumstances under which local governing bodies may be sued directly pursuant to section 1983. The Court concluded that a municipality is liable when "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Id.* at 690, 98 S.Ct. at 2035. Liability may also arise for "constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." *Id.* at 690–91, 98 S.Ct. at 2035–36. However, the Court pointed out that a municipality is not liable "unless action pursuant to official municipal policy of some nature caused a constitutional tort" and that "a municipality cannot be held liable *solely* because it employs a tortfeasor...." *Id.* at 691, 98 S.Ct. at 2036.

Without addressing the statute of limitations issue with respect to the City, the district court applied *Monell* and granted the City's motion for summary judgment on the merits of the section 1983 claim.[3] In so doing, the court noted that Cowdrey had totally failed to rebut the City's evidence that it had not been reckless or negligent in its hiring, training, or supervision of Wilson and Vickery. The court concluded that the City could not be liable because "[t]he

---

**3.** Under our holding in *Garcia* that all section 1983 claims are best characterized as actions for injuries to the rights of another, the claim

against the city is subject to the two-year limitations period found in Kan.Stat.Ann. § 60–513(a)(4) (1976) and is thus timely.

present case involves no custom or policy, but only an isolated incident. *Monell* clearly indicates that the defendant City cannot be held liable under 42 U.S.C. § 1983 in this action where the cause is predicated merely upon the City's employment of the individual defendants." Rec., vol. I, at 131.

"On a motion for summary judgment, the burden is on the moving party to show the absence of a genuine issue of any material fact, and the pleadings and other documentary evidence must be construed in favor of the party opposing the motion." *Otteson v. United States,* 622 F.2d 516, 519 (10th Cir.1980). If the movant presents documents which demonstrate the absence of a genuine issue, the opposing party must produce probative evidence sufficient to withstand the motion. *See* Fed.R.Civ.P. 56(e); *see also Brown v. Ford Motor Co.,* 494 F.2d 418, 420 (10th Cir.1974). However, if the moving party's papers do not establish the absence of a genuine issue of fact beyond a reasonable doubt, summary judgment is not proper even if no opposing evidentiary matter is presented. *Luckett v. Bethlehem Steel Corp.,* 618 F.2d 1373, 1382–83 (10th Cir.1980).

■ With these considerations in mind, we examine the record before us. The City offered evidence that both Wilson and Vickery had received adequate police training, that the City had established adequate police procedures governing the use of force during detainment, search, and arrest, and that the City had never received any complaints about either officer. Cowdrey presented nothing to dispute this showing. Indeed the only evidence Cowdrey offered to support his claim against the City was his deposition testimony that Wilson and Vickery "were employed and they did the damage to me that they did." Rec., vol. II, at 84–85. Cowdrey offered no facts tending to show any failure to train, *see, e.g., Owens v. Haas,* 601 F.2d 1242, 1246 (2d Cir.), *cert. denied,* 444 U.S. 980, 100 S.Ct. 483, 62 L.Ed.2d 407 (1979), or customary use of excessive force so as to indicate an unarticulated City policy authorizing or encouraging such use, *see, e.g.,*

*Berry v. McLemore,* 670 F.2d 30, 32 (5th Cir.1982), or the City's refusal to act upon knowledge of prior misbehavior, *see, e.g., Herrera v. Valentine,* 653 F.2d 1220, 1224 (8th Cir.1981). In the absence of any such showing, an isolated instance of police misconduct without more is not sufficient to raise as a fact issue whether the alleged constitutional violation was caused by the City's failure to train or supervise, or by any other official act or omission. *See McClelland v. Facteau,* 610 F.2d 693, 697–98 (10th Cir.1979); *see generally White v. Washington Public Power Supply System,* 692 F.2d 1286, 1289–90 (9th Cir.1982); *Powe v. City of Chicago,* 664 F.2d 639, 650–51 (7th Cir.1981); *Littlefield v. Deland,* 641 F.2d 729, 732 (10th Cir.1981); *Turpin v. Mailet,* 619 F.2d 196, 201–02 (2d Cir.), *cert. denied,* 449 U.S. 1016, 101 S.Ct. 577, 66 L.Ed.2d 475 (1980). Consequently, summary judgment for the City on the section 1983 cause of action was proper.

### III.

### THE STATE LAW CLAIMS

#### A. *The Individual Defendants*

■ Cowdrey alleges common law claims against Wilson and Vickery for assault and battery, false arrest and imprisonment, wrongful detention, and malicious prosecution. The district court concluded that these claims are barred by the one-year limitations period governing "[a]n action for assault, battery, malicious prosecution, or false imprisonment" provided by Kan. Stat.Ann. § 60–514(2) (1976).

Cowdrey does not contest the dismissal as to the torts specifically enumerated in section 60–514(2). However, he contends that his claims for false arrest and wrongful detention, which are not expressly included in section 60–514(2), should be governed by the two-year period applicable to actions for injury to the rights of another. *See* Kan.Stat.Ann. § 60–513(a)(4) (1976). We disagree.

The Kansas courts have referred to both false arrest and wrongful detention as false imprisonment. In *Porter v. Stor-*

*mont-Vail Hospital,* 228 Kan. 641, 621 P.2d 411 (1980), the court specifically referred to the statute of limitations applicable to *false arrest* and said "[t]he statute of limitation applicable to [false arrest and false imprisonment] is found at K.S.A. 60–514." *Id.* 621 P.2d at 415; *see also Holland v. Lutz,* 194 Kan. 712, 401 P.2d 1015, 1018 (1965). In *Henderson v. Ripperger,* 3 Kan.App.2d 303, 594 P.2d 251 (1979), the court indicated that it would refer to "the subject of wrongful detention ... as false imprisonment...." *Id.* 594 P.2d at 254. We are satisfied that under Kansas law false arrest and wrongful detention are legally indistinguishable from false imprisonment, and that the district court correctly applied the one-year limitations period of Kan.Stat.Ann. § 60–514 to bar these claims.

### B. The City

■ Cowdrey's complaint, construed liberally, appears to assert state law claims against the City based on Cowdrey's allegation that the City negligently and recklessly employed, trained, and supervised Wilson and Vickery. The district court concluded that any common law claims are barred by Cowdrey's undisputed failure to comply with Kan.Stat.Ann. § 12–105 (1975) (repealed 1979).[4] Section 12–105 required that a written claim be filed with the city before a cause of action against the city could be maintained. Although this statute was repealed in 1979, it was in effect when the incident occurred and when this suit was filed.

■ Cowdrey has not denied his failure to comply with section 12–105. He argues instead that the section is inapplicable when intentional violations of civil rights occur. We agree that the requirements of section 12–105 are not relevant to claims brought under section 1983. *See Childers*

*v. Independent School District No. 1,* 676 F.2d 1338, 1342–43 (10th Cir.1982). Under Kansas law, however, Cowdrey's failure to file a claim pursuant to section 12–105 precludes him from asserting any common law claims against the City. At the time this action was filed, "[c]ompliance with the statute remain[ed] a condition to be met before a claim for relief against a city [could] be maintained. A party who fail[ed] to file the statutory statement [was] *not entitled to relief.*" *James v. City of Wichita,* 202 Kan. 222, 447 P.2d 817, 820 (1968) (emphasis in original); *see also Bradford v. Mahan,* 219 Kan. 450, 548 P.2d 1223, 1227 (1976); *Fankhauser v. City of El Dorado,* 203 Kan. 757, 457 P.2d 146, 149 (1969). The common law claims against the City were thus properly dismissed.

The lower court judgment is reversed in part and affirmed in part, and remanded for further proceedings.

---

**4.** Kan.Stat.Ann. § 12–105 provided in pertinent part:

"No action shall be maintained by any person or corporation against any city on account of injury to person or property unless the person or corporation injured shall within six (6) months thereafter and prior to the bringing of the suit file with the city clerk a written statement, giving the time and place of the happening of the accident or injury received, the circumstances relating thereto and a demand for settlement and payment of damages...."