FILED
United States Court of Appeals
Tenth Circuit

March 31, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JOHN P. JACOBS,

      Petitioner-Appellant,

v.

LYON COUNTY DETENTION
CENTER; SARAH REES, Nurse, Lyon
County Detention Center; BRETT
VANGUNDY; MARGARET HUGHES;
EULA TATE, Officers, Lyon County
Detention Center,

      Respondents-Appellees.

No. 09-3121
(D.C. No. 5:08-CV-03168-SAC)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before, **KELLY, BRISCOE,** and **HOLMES**, Circuit Judges.

---

      Petitioner-Appellant John Jacobs, appearing pro se,[1] appeals from the district

---

    [*]      This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

      After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

    [1]      Because Mr. Jacobs is proceeding pro se, we review his pleadings and

(continued...)

court's order dismissing his civil rights complaint. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm the district court's dismissal of Mr. Jacobs's Amended Complaint.[2]

## I. BACKGROUND

In April 2005, while incarcerated at Lyon County Detention Center ("LCDC"), Mr. Jacobs experienced health issues that he alleges went untreated for three days. Mr. Jacobs first filed a complaint regarding this incident in July 2008; however, the district court noted several deficiencies relating to the Complaint, namely, a lack of clarity with respect to the timing of the incident and the naming of improper defendants. Therefore, the district court directed Mr. Jacobs to "provide the court with the dates upon which he showed signs of a stroke at [LCDC] . . . and if those dates are in 2005 plaintiff must show cause why this action should not be dismissed as barred by the statute of limitations." R.

---

[1](...continued)
filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Howard v. U.S. Bureau of Prisons*, 487 F.3d 808, 815 (10th Cir. 2007).

[2]     On May 7, 2009, the district court granted Mr. Jacobs's Application to Proceed on Appeal Without Prepayment of Fees. The district court granted Mr. Jacobs twenty days in which to submit to the court an initial partial filing fee. There is no record of any payment ever being made. Consequently, we could dismiss this case for failure to pay the fees as required by the district court's order.

However, Mr. Jacobs notified the court by letter dated May 22, 2009 that he was no longer incarcerated. We assume *arguendo* that Mr. Jacobs would have complied with the initial payment deadline if he had remained incarcerated, and therefore, we reach the merits of Mr. Jacobs's claim.

at 16–17 (Order, filed Aug. 1, 2008).  The court also ordered Mr. Jacobs to "name a proper defendant."  *Id*. at 17.  Mr. Jacobs complied with the show cause order and attached an amended complaint to his response that provided further clarity as to the timing of the alleged events and named new defendants.

In the Amended Complaint, Mr. Jacobs alleged that while he was confined at LCDC on April 1 or 2, 2005, he became ill and experienced serious symptoms, including throwing up blood and the inability to walk or to see clearly.  He further alleged that officers put him in a holding cell and did not "attend to [his] medical needs."  R. at 76 (Am. Compl., filed Apr. 14, 2009).  However, Mr. Jacobs also remembered seeing a doctor.  He alleged that the unidentified doctor told "the officers" that he was "showing signs of a stroke," but "defendants did nothing about it."  *Id.*  Mr. Jacobs also explained that he was not given food, drink, or medication for severe headaches for two days due to the phone orders of Nurse Sarah Rees, who did not come in to examine him and thought he could just be experiencing an irritated stomach.  When she did see Mr. Jacobs in person on April 4, Nurse Rees immediately transported him to an emergency room.  Mr. Jacobs alleged that, due to this delay in treatment, he cannot write or work and that he also has an extremely difficult time communicating due to slurred speech.  Therefore, in the Amended Complaint, Mr. Jacobs asserted that he was subjected to cruel and unusual punishment by the four named defendants, Nurse Rees, and three LCDC employees, Eula Tate, Brett VanGundy, and Margaret Hughes, who were alleged to have been deliberately indifferent to his serious medical condition.  He sought five million dollars in damages

3

for the alleged denial of medical care.

In support of his Amended Complaint, Mr. Jacobs attached various jail and medical records dated April 2, 2005 to April 8, 2005. He also attached a June 23, 2008 letter he received from an attorney, which states in part:

> As you have previously been advised the statute of limitations has expired on any claim you had against the county. As you know, I filed a claim as required by Kansas law on January 11, 2007. On March 19, 2007, I wrote to you advising that based upon my investigation I would not be able to handle your case because it did not appear there was any negligence on the part of the county. I asked in that letter if you were going to proceed with your case to let me know immediately. I never heard from you prior to the running of the statute of limitations. You are now barred from bringing a law suit against the county.

*Id.* at 115. Mr. Jacobs explained that he believed that the attorney who wrote this letter was working on his case and that he (Mr. Jacobs) in fact had not received any communications from this attorney other than the above-referenced letter which was dated after the limitations period had run. Arguing it would be a "grave injustice" to dismiss the case, Mr. Jacobs stated that he "humbly throw[s] [him]self on the mercy of this court to accept this action on [his] behalf." *Id.* at 20, 21 (Resp. to Show Cause Order, filed Sept. 2, 2008).

The district court directed the clerk to file Mr. Jacobs's Amended Complaint. However, in the same order, the court dismissed the action because it was time-barred. The court explained that the incident on which Mr. Jacobs based his action occurred more than three years before he filed his Complaint in July 2008, but the applicable statute of

4

limitations period is only two years. The court further determined that Mr. Jacobs did not provide sufficient argument to support equitable tolling of the limitations period under Kansas law. Finally, even assuming his claim was not time-barred, the court held that Mr. Jacobs had "failed to allege sufficient facts to show a violation of the Eighth Amendment." *Id.* at 72 (Order, filed Apr. 14, 2009). This appeal followed.

## II. DISCUSSION

On appeal, Mr. Jacobs fails to address the district court's determination that his action is time-barred and he also does not raise any equitable tolling arguments. Instead, Mr. Jacobs argues that the district court erred in determining he failed to allege sufficient facts to show a violation of the Eighth Amendment. Citing *Estelle v. Gamble*, 429 U.S. 97 (1976), and *Westlake v. Lucas*, 537 F.2d 857 (6th Cir. 1976), Mr. Jacobs argues that he did in fact state a claim upon which relief could be granted, and he contends the district court should have set the case for a pre-trial conference. However, whatever colorable argument Mr. Jacobs may or may not have concerning the merits of his claims, he cannot escape the fact that his action is time-barred and, consequently, the district court properly dismissed it pursuant to 28 U.S.C. § 1915A(b)(1).

It is well-established that the limitations period under § 1983 "is drawn from the personal-injury statute of the state in which the federal district court sits." *Mondragon v. Thompson*, 519 F.3d 1078, 1082 (10th Cir. 2008) (citing *Wilson v. Garcia*, 471 U.S. 261, 269 (1985)); *Roberts v. Barreras*, 484 F.3d 1236, 1238 (10th Cir. 2007) (holding that the § 1983 "limitation period is set by the personal injury statute in the state where the cause

5

of action accrues"). In Kansas, the applicable limitation period is two years. Kan. Stat. Ann. § 60-513(a)(4) (2005); *see Hamilton v. City of Overland Park*, 730 F.2d 613, 614 (10th Cir. 1984) ("Under Kan. Stat. Ann. § 60-513(a)(4) (1976), '[a]n action for injury to the rights of another, not arising on contract, and not herein enumerated' must be brought within two years." (quoting Kan. Stat. Ann. § 60-513(a)(4) (1976)); *Cowdrey v. City of Eastborough*, 730 F.2d 1376, 1378 (10th Cir. 1984) ("Kan. Stat. Ann. § 60-513(a)(4) (1976), which provides a two-year limitations period for '[a]n action for injury to the rights of another, not arising on contract, and not herein enumerated,' is clearly the most analogous state statute [for § 1983 claims]."), *aff'd sub nom. Wilson v. Garcia*, 471 U.S. 261 (1985). Because Mr. Jacobs did not file his Complaint until July 8, 2008—based upon injuries that allegedly occurred more than three years earlier—we agree with the district court that Mr. Jacobs's action is time-barred.

## III.  CONCLUSION

Therefore, for substantially the same reasons as set forth by the district court, we affirm the court's dismissal of Mr. Jacobs's § 1983 Amended Complaint on the grounds that his action is time-barred.

Entered for the Court

Jerome A. Holmes
Circuit Judge