No. 24,838.

Belle Mowery, *Appellant,* v. City of Kansas City, *Appellee.*

SYLLABUS BY THE COURT.

Mob Violence—*Personal Injuries—No Written Statement Filed with City Clerk Giving Time and Place of Injuries Within Four Months from Date of Injuries.* A written statement filed with the city clerk, in accordance with section 1460 of the General Statutes of 1915 (see, also, R. S. 12-105), of the injury as January 18, will not support an action for damages received January 3.

Appeal from Wyandotte district court, division No. 1; Edward L. Fischer, judge. Opinion filed January 12, 1924. Affirmed.

*Harry Sullivan,* and *James. L. Smalley,* both of Kansas City, for the appellant.

*H. J. Smith, William Drennan, Willard M. Benton, Joseph A. Lynch,* and *A. B. McWilliams,* all of Kansas City, for the appellee.

The opinion of the court was delivered by

Harvey, J.: This is an action against a city of the first class for damages for personal injuries alleged to have been inflicted by a mob. The court sustained a demurrer to plaintiff's evidence, and she has appealed.

Plaintiff's petition alleged, and the evidence tended to show, that the injuries complained of were received January 3, 1922. Section 1460 of the General Statutes of 1915 (see, also, R. S. 12-105), pertaining to certain actions against cities of the first class, provides:

"No action shall be maintained by any person or corporation in any court for damages on account of injuries to person or property unless the person or corporation injured or damaged shall, within four months thereafter and prior to the beginning of the suit, file with the city clerk a written statement giving the time and place of the happening of the accident or injury received and the circumstances relating thereto."

In an effort to show compliance with this statute plaintiff offered

in evidence proof that she had, on January 18, 1922, filed with the city clerk the following written statement:

"No.......................
       "THE CITY OF KANSAS CITY, KANSAS.
"1922           ,        To BELLE MOWERY,               Dr.
"January 18th. Account injuries sustained through an assault on claimant at her home 909 Kansas Avenue, Kansas City, Kansas, at about 6:30 o'clock P. M., when she was knocked down, cursed, frightened and assaulted, abused and battered by three rioters, who then and there threatened to kill claimant and her husband, J. W. Mowery,               $10,000.00"

The court held that this written statement fixing the date of the injury as January 18 would not support an action for damages sustained on January 3. In this holding the court was correct. The filing of the written statement with the clerk containing the matters set out in the statute is a condition precedent to the maintenance of an action of this character. *McHenry v. City of Kansas City,* 101 Kan. 180, 165 Pac. 664. See also *Dechant v. City of Hays,* 112 Kan. 729, 212 Pac. 682, where a similar statute pertaining to cities of the second class is construed.

It is suggested by appellant that notice to a police officer who investigated the matter and his report thereof to the chief of police should be construed as a sufficient compliance with the statute. With this we cannot agree. Concerning a similar claim made in *Dechant v. City of Hays,* supra, it was said:

"In view of the various officials and employees which a city may and necessarily does have to transact the business of its government, it would be a dangerous and uncertain provision to interpret into a statute." (p. 732.)

More than that, in this case the report of the policeman did not disclose any liability on behalf of the city for injuries inflicted by a mob or for any other reason, nor did it disclose that plaintiff claimed damages by reason thereof. But the matter need not be disposed of on that ground. The statute requires a written statement to be filed with the city clerk. This is not a great burden to put upon a claimant and must be complied with. No official or employee of the city has authority to waive it. See *Lansden v. City of Jackson,* 222 S. W. 2 (Tenn.); 22 N. C. C. A. 829, where the authorities are collected in the case note. The judgment of the court below is affirmed.