MRS. HELEN LONG v. CITY OF KNOXVILLE.
CORBITT LONG v. CITY OF KNOXVILLE.
No. 360.—467 S.W.2d 309.

Eastern Section. November 17, 1970.

Certiorari Denied by Supreme Court March 15, 1971

R. Franklin Norton, Knoxville, for appellant.

Harry J. Bryant, Knoxville, for appellee.

SANDERS, J. This is an appeal from a judgment against the City of Knoxville for personal injuries resulting from a fall on a faulty sidewalk.

Mrs. Helen Long filed suit in the Circuit Court of Knox County against the City of Knoxville alleging that on March 5, 1968, she was walking along the sidewalk on the northeast corner of the intersection of Ogle Street with Candora Avenue when suddenly a part of the sidewalk gave way and turned over, causing her to fall and break her right leg.

Her husband, Corbitt Long, filed a companion suit for medical expenses and loss of services. The cases will be considered together and the parties will be referred to as plaintiffs and defendant as they appear in the lower court.

The declaration says: "Plaintiff would show to the Court that on March 25, 1968, that she did through her attorney formally notify the City of Knoxville of her injury and the dangerous condition of the sidewalk in compliance with the law regarding same, and said notice is attached as an exhibit to this Declaration."

Attached to the declaration is a carbon copy of a letter dated March 25, 1968, addressed to Mr. Robert Finley,

Law Division, City of Knoxville, City Hall, Knoxville, Tennessee.

In substance the letter states that Mrs. Long received an injury to her leg on March 5, 1968, due to a faulty sidewalk at the northeast corner of the intersection of Candora Avenue and Ogle Street and at the bottom is shown "cc/Honorable Leonard Rogers, Mayor."

The City demurred to the declaration on the grounds that the notice failed to give the essential notice required by T.C.A. sec. 6-1003. The Court entered a judgment sustaining the demurrer.

The Plaintiff filed a motion for a new trial and an amendment to the motion for a new trial, which the trial court treated as a petition to rehear and entered an order setting aside the demurrer and allowing the City thirty days to plead further.

The City filed its answer and the case was tried before The Honorable James M. Haynes without the intervention of a jury.

At the conclusion of Plaintiffs' proof and renewed at the conclusion of Defendant's proof, the Defendant moved to dismiss Plaintiffs' actions on grounds of insufficient notice under T.C.A. 6-1003, which motions were overruled and the Court entered a judgment in favor of the Plaintiff, Mrs. Helen Long, for $1,000 and in favor of her husband in his companion case for $250.

The Defendant has perfected its appeal to this court and assigned eight assignments of error, the third assignment being as follows: "The Trial Court erred as a matter of law in overruling the defendant City of Knoxville's Motion To Dismiss made at the conclusion of the

plaintiffs' proof and renewed at the conclusion of the defendant's proof on the grounds that there was no proof introduced in the record to show the following particulars essential to their causes of action:

"(a) The notice attached as an exhibit to the declarations fails to give the essential notice required by Tennessee Code Annotated Section 6-1003.

"(b) There was no proof introduced in the record that notice required by Tennessee Code Annotated Section 6-1003 was in writing and served upon the Mayor of the municipality.

"(c) The essential notice required by Section 6-1003 is a prerequisite or condition precedent to the bringing of plaintiffs actions."

We feel this assignment of error is well taken and decisive in this case and the other assignments are pretermitted.

■ There is no proof in the record that the notice attached to the declaration or any other notice was ever served upon the mayor or manager of the City of Knoxville, nor is there any proof of registered letter by registered receipt addressed to the mayor or manager of the City of Knoxville. Until the Plaintiff makes an affirmative showing that she has complied with T.C.A. sec. 6-1003 by giving written notice within ninety (90) days after such injury, stating the time and place where the injury was received and the general nature of the injury, and further showing that the notice was "served upon the mayor or manager" or that it was delivered by mail with "proof of registered letter by registry receipt addressed to the mayor or manager," she has no stand-

ing in court. This affirmative showing is a prerequisite to the right to bring the suit.

It is well settled in Tennessee that this statute must be strictly complied with. In this regard, in the case of City of Knoxville v. Felding, 153 Tenn. 586, 285 S.W. 47 (1921), the Court said:

"The rigid application of statutes that require notice as a condition precedent to suit against the city, and the precision exacted as to time, place and nature of the injury, cannot be justified except upon the ground that originally the law forbade a recovery, and that the Legislature which could take away the remedy has annexed as a condition precedent to the right of recovery, the requirement of notice, and made mandatory a statement in the notice showing with precision the time, place, and nature of the injury. Hence the courts say that, because the legislature has required by a mandatory statute the notice of time place, and nature of the injury as a condition precedent to the right of recovery, no person can avail himself of the benefit of the law without strictly observing it. Such is the view of the Tennessee courts, supported by the weight of authority throughout the United States. * * *"

The Court further said:

"* * * It is expressly provided by the statute that 'no suit shall be brought,' unless the notice is given. The effect of this language is to make the giving of notice a condition precedent to the plaintiff's right to sue, * * *"

In the case of White v. Mayor & City Council of Nashville, 134 Tenn. 688, 185 S.W. 721 (1950), in speak-

ing to the requirements of upon whom and how notice must be served, the Court said:

"* * * The act requires a written notice, and that it shall be served upon the mayor * * *"

"* * * nor does the act require notice to the city attorney * * *"

"That proof of registered letter by registry receipt addressed to the mayor setting forth the injury and place of injury complained of shall be a complete compliance with this act."

"The decided weight of authority sustains us in holding that provisions of this character are reasonable, and that notice to some other person than the person or body designated in the law is not a sufficient compliance therewith." (citing authorities)

 The record contains a copy of a receipt for "certified mail" sent to Robert Finley, Law Division, City of Knoxville, City Hall, Knoxville, Tennessee, postmarked 3-25-68, and a return to Harry J. Bryant, 4200 Martin Mill Pike, Knoxville, Tennessee. There is no explanation of these documents in the record, but we assume that they were counsel's exhibits for the purpose of showing that the notice attached to the declaration was sent to and received by the Law Division of the City by certified mail.

There was also testimony by Mrs. Long that she wrote a letter to the mayor about four days after the accident telling him what happened; that she fell at the corner of Doyle and Ogle Streets and injured her knee. This testimony was admitted over objection by counsel for Defendant but, assuming the testimony was properly

admitted and assuming further that notice was sent to the Law Department by certified mail, we are of the opinion that neither of these, taken either individually or collectively, satisfies the requirements of the statute.

To so hold would be to denude the statute of its requirement that notice be "served" upon the "mayor" or if not served upon the mayor or manager, then "proof of 'registered' letter by registry receipt addressed to the mayor or manager," and the result would be a judicial repeal of the express provisions of the statute. See City of Knoxville v. Felding (Supra); also Gilkey v. City of Memphis, 159 Tenn. 220, 17 S.W.2d 4 (1928) and Robinson v. City of Memphis, 171 Tenn. 471, 105 S.W.2d 101 (1937).

The judgment of the Circuit Court is reversed and both cases dismissed with the cost taxed to the Plaintiff in each case.

Cooper, P.J., (E.S.), and Parrott, J., concur.