(942 P.2d 667)
No. 77,153

GALEN DECKER, *Appellant*, v. KANSAS DEPARTMENT OF SOCIAL
AND REHABILITATION SERVICES, *Appellee*.

Opinion filed
July 25, 1997.

*Rex A. Sharp*, of Sharp, McQueen, McKinley, Dreiling & Morain, P.A., of Liberal, for appellant.

*Kenneth R. Smith*, of Kansas Department of Social and Rehabilitation Services, of Topeka, for appellee.

Before RULON, P.J., WAHL, S.J., and RICHARD M. SMITH, District Judge, assigned.

WAHL, J.: Galen Decker appeals from the trial court's dismissal for failure to state a claim in his action asking the trial court to set aside an office lease entered into by the Kansas Department of Social and Rehabilitation Services (SRS) and KANSA Development Corporation (KDC).

SRS published notice of its desire to rent an office location prepared to its specifications for its field office in Liberal, Kansas. KDC's proposal to prepare and lease such office space for a 10-year term was accepted by SRS. Decker also presented a proposal, but it was not selected. Decker filed an action against SRS, claiming the lease should be set aside or he should receive damages based on SRS's failure to select the office space by a competitive bid

process. KDC was originally a defendant in the action but was dismissed on Decker's motion.

SRS filed a motion to dismiss the suit, claiming Decker failed to state a claim on which relief could be granted. Decker filed a motion for summary judgment. The trial court granted SRS's motion to dismiss and denied Decker's motion for summary judgment. Decker filed a timely notice of appeal.

The standard of review on a motion to dismiss for failure to state a claim is set out in *Noel v. Pizza Hut, Inc.*, 15 Kan. App. 2d 225, 231, 805 P.2d 1244, *rev. denied* 248 Kan. 996 (1991):

> "In essence, we [appellate courts] are required to assume that the facts alleged by the plaintiffs are true, and we are required to make any reasonable inference to be drawn from those facts. In addition, it is our duty to determine whether those pleaded facts and inferences state a claim, not only on the theory which may be espoused by the plaintiffs, but on any possible theory we can divine."

Further, in *Davidson v. Denning*, 21 Kan. App. 2d 225, Syl. ¶ 1, 897 P.2d 1043 (1995), *rev. denied* 259 Kan. 659 (1996), we held:

> "When a motion to dismiss under K.S.A. 60-212(b)(6) raises an issue concerning the legal sufficiency of a claim and the trial court receives and considers matters outside the pleadings, the motion shall be treated as one for summary judgment and disposed of as provided under K.S.A. 60-256."

The trial court made factual findings based, at least in part, on the affidavit Decker filed with his motion for summary judgment. Therefore, this case should be considered as a summary judgment case.

"Summary judgment is proper where the only question or questions presented are questions of law." *Fletcher v. Nelson*, 253 Kan. 389, 391, 855 P.2d 940 (1993).

> "The burden on the party seeking summary judgment is a strict one. The trial court is required to resolve all facts and inferences which may reasonably be drawn from the evidence in favor of the party against whom the ruling is sought. Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." *Mitzner v. State Dept. of SRS*, 257 Kan. 258, 260, 891 P.2d 435 (1995).

In the case before us, there appears to be no genuine issue of material fact. This court must, therefore, determine whether SRS was entitled to judgment as a matter of law.

Decker alleged that SRS was required to select its "build to suit" lease pursuant to K.S.A. 75-3739(a), which provides:

"All contracts for construction and repairs, and all purchases of and contracts for supplies, materials, equipment and contractual services to be acquired for state agencies shall be based on competitive bids, except that competitive bids need not be required: (1) For contractual services when, in the judgment of the director of purchases, no competition exists; or (2) when, in the judgment of the director of purchases, chemicals or other material or equipment for use in laboratories or experimental studies by state agencies are best purchased without competition, or where rates are fixed by law or ordinance; or (3) when, in the judgment of the director of purchases, an agency emergency requires immediate delivery of supplies, materials or equipment, or immediate performance of services; or (4) when any statute authorizes another procedure or provides an exemption from the provisions of this section."

Determination of the issue before us requires interpretation of K.S.A. 75-3739(a). "Interpretation of a statute is a question of law. An appellate court's review of a question of law is unlimited." *Foulk v. Colonial Terrace*, 20 Kan. App. 2d 277, Syl. ¶ 1, 887 P.2d 140 (1994), *rev. denied* 257 Kan. 1091 (1995).

"When a statute is plain and unambiguous, the court must give effect to the intention of the legislature as expressed, rather than determine what the law should or should not be." *Martindale v. Tenny*, 250 Kan. 621, Syl. ¶ 2, 829 P.2d 561 (1992). " 'The several provisions of an act, *in pari materia*, must be construed together with a view of reconciling and bringing them into workable harmony and giving effect to the entire statute if it is reasonably possible to do so.' " *Guardian Title Co. v. Bell*, 248 Kan. 146, 151, 805 P.2d 33 (1991).

We can distill the issue into whether the "build to suit" lease is a contract for construction and repairs or a purchase of or contract for supplies, materials, equipment, or contractual services. The document itself is entitled "Real Estate Lease." The lease term is for 10 years. The work required to prepare the building to meet SRS specifications would probably not be performed over a significant portion of those 10 years, if during any portion of that time.

Although KDC would probably have to do some construction work in order to meet the SRS specifications, the major part of the agreement between SRS and KDC is a real estate lease, not a contract for construction and repairs. K.S.A. 75-3739(h), another subsection within the statute which refers to when competitive bidding is required, applies to leases, stating:

"Except as otherwise specifically provided by law, no state agency shall enter into any lease of real property without the prior approval of the secretary of administration. Such state agency shall submit to the secretary of administration such information relating to any such proposed lease as the secretary may require. The secretary of administration shall either approve, modify and approve or reject any such proposed lease."

It is a well-accepted principle of statutory construction that

"[g]eneral and special statutes should be read together and harmonized whenever possible, but to the extent a conflict between them exists, the special statute will prevail unless it appears the legislature intended to make the general statute controlling." *Kansas Racing Management, Inc. v. Kansas Racing Comm'n*, 244 Kan. 343, 353, 770 P.2d 423 (1989).

K.S.A. 75-3739(h) applies directly to leases and, therefore, is specifically applicable to the factual situation at hand, while K.S.A. 75-3739(a) is not.

The competitive bid procedure is under the supervision of the director of purchases. K.S.A. 75-3740. Under K.S.A. 75-3739(h), the procedure for getting leases approved by the secretary of administration does not involve the director of purchases. Leases are specifically provided for in a manner different from contracts for construction and repairs.

The trial court was correct, as a matter of law, in holding the K.S.A. 75-3739(a) competitive bid procedure was not applicable to the present case.

Affirmed.