No. 81,588

PATSY BELL, *Appellant,* v. KANSAS CITY, KANSAS, HOUSING
AUTHORITY, *Appellee.*

(992 P.2d 1233)

Opin-
ion filed November 19, 1999.

*Christopher L. Heigele*, of Law Offices of G. Spencer Miller, L.L.C., of Gladstone, Missouri, argued the cause and *G. Spencer Miller*, of the same firm, of Gladstone, Missouri, was with him on the briefs for appellant.

*William F. High*, of Blackwell Sanders Peper Martin LLP, of Overland Park, argued the cause, and *Linda S. Skaggs*, of the same firm, was with him on the brief for appellee.

The opinion of the court was delivered by

LOCKETT, J.: Plaintiff appeals the dismissal with prejudice of her civil tort action against the Kansas City, Kansas, Housing Authority (Housing Authority) for failure to comply with the notice requirements of K.S.A. 12-105b(d). Appeal was filed in the Kansas Court of Appeals. The case was transferred to this court pursuant to K.S.A. 20-3018(c).

Subject to exceptions stated in the Kansas Tort Claims Act, each governmental entity is liable for damages caused by the negligent or wrongful act or omission of any of its employees while acting within the scope of their employment under circumstances where the governmental entity, if a private person, would be liable under the laws of this state. K.S.A. 75-6103.

The present definition of "municipality" in the Cities and Municipalities Act, K.S.A. 12-101 *et seq.*, encompasses all political subunits with the power to create indebtedness and make payments independent of the parent unit. K.S.A. 12-105a(a) provides, in part:

" 'Municipality' means and includes county, township, city, school district of whatever name or nature, community junior college, municipal university, drainage district, cemetery district, fire district, and other political subdivision or taxing

unit, and including their boards, bureaus, commissions, committees and other agencies, such as, but not limited to, library board, park board, recreation commission, hospital board of trustees having power to create indebtedness and make payment of the same independently of the parent unit."

The Housing Authority is an agency of the City of Kansas City (City), created pursuant to the provisions of the Development Credit Corporations, Housing Laws Act (Housing Laws), K.S.A. 17-2328 *et seq.* The Housing Laws provide the authority for a municipality, defined as "any city or county," to create housing authorities for the purpose of creating safe, sanitary dwellings available at rents which persons of low income can afford. See K.S.A. 17-2338(a); K.S.A. 17-2339(a), (o).

The City and the Housing Authority each have statutory authority to create indebtedness, sue, and be sued. Therefore, under the Cities and Municipalities Act, both the City and the Housing Authority are "municipalities."

K.S.A. 12-105b(d), the statute that provides for payment of tort claims, states:

"(d) Any person having a claim against a municipality which could give rise to an action brought under the Kansas tort claims act shall file a written notice as provided in this subsection before commencing such action. The notice shall be filed with the clerk or governing body of the municipality and shall contain the following: (1) The name and address of the claimant and the name and address of the claimant's attorney, if any; (2) a concise statement of the factual basis of the claim, including the date, time, place and circumstances of the act, omission or event complained of; (3) the name and address of any public officer or employee involved, if known; (4) a concise statement of the nature and the extent of the injury claimed to have been suffered; and (5) a statement of the amount of monetary damages that is being requested. *In the filing of a notice of claim, substantial compliance with the provisions and requirements of this subsection shall constitute valid filing of a claim.*" (Emphasis added.)

The purpose of the statutory notice requirement is to sufficiently advise the proper municipality (Housing Authority) of the time and place of the injury and give the municipality an opportunity to ascertain the character and extent of the injury sustained. See *Bradford v. Mahan*, 219 Kan. 450, 457, 548 P.2d 1223 (1976); *Tucking v. Board of Jefferson County Comm'rs*, 14 Kan. App. 2d

442, 448, 796 P.2d 1055 (1990) (quoting *Holmes v. Kansas City*, 101 Kan. 785, 786, 168 Pac. 1110 [1917]).

On May 15, 1996, Patsy Bell was injured when the elevator in the Housing Authority apartment building where she rented an apartment malfunctioned. On some date prior to August 29, 1996, Bell made a claim for damages to the Housing Authority. It is unknown whether the claim was an oral or written claim, who made the claim, or to whom the claim was made. On August 29, 1996, the Housing Authority's insurance carrier denied Bell's claim by letter. The insurance carrier's letter stated:

"We have submitted our completed investigation to our client for review and after a careful review of all of the facts, our client has determined that there is no legal responsibility on the part of Kansas City, Kansas Housing Authority for the injuries you sustained in this accident.

"Under these circumstances, we must respectfully decline payment of your claim.

"Thank you for your past cooperation."

On November 18, 1997, Bell's attorney, in an attempt to notify the Housing Authority of Bell's tort claim pursuant to the Kansas Tort Claims Act, sent a letter to the city clerk of the City, notifying the City that on May 15, 1996, Bell, a resident of an apartment complex owned and operated by the Housing Authority, had been injured when she attempted to use the elevator in the apartment building. Bell's letter informed the City of the injuries that Bell had suffered and stated that Bell had incurred medical bills in excess of $1,000. Bell requested compensation in excess of $10,000. A draft of a petition that she would file in accordance with the Kansas Tort Claims Act was attached to the letter.

The City made no response to Bell or her attorney. There is an affidavit in the record signed by Thomas Stibal, Executive Director and Secretary of the Housing Authority, stating that the Housing Authority was not notified by the City of Bell's written claim.

On April 20, 1998, Bell filed a petition in the district court for damages against the Housing Authority. The petition alleged that Bell was injured as she attempted to use the elevator in the apartment building where she rented an apartment from the Housing Authority. In addition to stating her injuries, the petition alleged

that the Housing Authority was a government entity and a proper party under the Kansas Tort Claims Act, K.S.A. 75-6101 *et seq.* Bell requested judgment against the Housing Authority in an amount in excess of $10,000.

On May 19, 1998, after the two-year statute for filing tort claims had expired, the Housing Authority moved to dismiss Bell's action for failure to file a written notice of claim prior to commencing the action as required by K.S.A. 12-105b(d). At the hearing on the motion, the Housing Authority also moved to dismiss Bell's petition with prejudice for failure to plead that she had provided notice to the Housing Authority as a condition precedent to filing suit.

Both parties agreed that the Housing Authority is a municipality as defined by K.S.A. 12-105a(a) and that Bell had sent written notice of her claim to the city clerk. There was no contention that Bell's notice to the City did not substantially comply with the informational requirements of K.S.A. 12-105b(d). The question before the district court was whether the letter from the Housing Authority's insurance carrier denying Bell's claim was evidence of compliance with the notice of claim statute or, alternatively, whether a letter sent by Bell to the clerk of the City complied with the notice statute. At the conclusion of the hearing, the district court noted that Bell had sent the notice of claim letter to the *city clerk* rather than the defendant Housing Authority. The district court dismissed the plaintiff's action with prejudice for failure to give a written notice of claim prior to commencing the action as required by K.S.A. 12-105b(d) and for failure to plead in her petition that she had provided the statutory notice to the Housing Authority, a condition precedent to filing suit. Bell appealed.

When a motion to dismiss under K.S.A. 60-212(b)(6) raises an issue concerning the legal sufficiency of a claim and the trial court receives and considers matters outside the pleadings, the motion shall be treated as one for summary judgment and disposed of as provided under K.S.A. 60-256. *Decker v. Kansas Dept. of SRS*, 24 Kan. App. 2d 155, 156, 942 P.2d 667, *rev. denied* 262 Kan. 960 (1997).

The burden on the party seeking a motion to dismiss or summary judgment is a strict one. The trial court is required to resolve all

facts and inferences which may reasonably be drawn from the evidence in favor of the party against whom the ruling is sought. Dismissal of an action or summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. 24 Kan. App. 2d at 156.

Bell contends that the district court erred in dismissing the action with prejudice because the Housing Authority is a statutory agent of the City; therefore, her notice to the City was notice to the Housing Authority and was given prior to the expiration of the two-year statute of limitations. The Housing Authority asserts that the City and the Housing Authority are separate and distinct municipalities; therefore, notice to the city clerk, agent for service on the City, does not provide notice to the Housing Authority as required by statute. The Housing Authority also argues that the substantial compliance language of K.S.A. 12-105b refers only to the content of the notice and is inapplicable to the requirement that a claimant provide notice of the claim to the governing body of the municipality.

In discussing the Housing Authority's arguments, we first note that the predecessor statute to the notice provision, K.S.A. 12-105 (Corrick), stated:

"No action shall be maintained by any person or corporation against any city on account of injury to person or property unless the person or corporation injured shall within three (3) months thereafter and prior to the bringing of the suit file with the city clerk a written statement, giving the time and place of the happening of the accident or injury received and the circumstances relating thereto: *Provided*, Any cause of action arising under the provisions of article 7 of chapter 82A of the General Statutes of 1949, or acts amendatory thereof or supplemental thereto, may be maintained by filing such statement with the city clerk within one (1) year after such cause of action shall have accrued. Such city shall have thirty (30) days from the time of the filing of such statement to make settlement with the claimant if it so desires."

To understand this court's interpretation of the prior statute, we will review *Dechant v. City of Hays*, 112 Kan. 729, 732, 212 Pac. 682 (1923); *Mowery v. Kansas City*, 115 Kan. 61, 222 Pac. 126 (1924); and *James v. City of Wichita*, 202 Kan. 222, 447 P.2d 817

(1968). Although these cases provide support for the Housing Authority's argument, they were decided prior to the enactment of the present statute and are not, therefore, exactly on point.

In *Dechant*, a child received a severe shock from an electric wire. Within 30 minutes, the city manager learned of the accident, visited the boy, and was fully informed concerning the facts of the accident. Prior to filing an action on the boy's behalf, the family neglected to file the notice required under Chapter 143 of the Laws of 1919, a prior version of K.S.A. 12-105. In response to the city's demurrer, the family argued (1) that the statute's notice requirements should not apply to a minor and (2) that the city manager's actual knowledge was notice.

The *Dechant* court noted that although the appellant's petition set forth facts sufficient to constitute a waiver of notice and an estoppel on the part of the city, there was no provision for waiver or estoppel in the statute. It observed that in view of the various officials and employees which a city may employ to transact the business of its government, it would be a dangerous and uncertain provision to interpret into a statute. It concluded that if the legislature had desired or contemplated that the provisions of the statute might be waived, it should have designated the official and the manner in which such waiver might be effected and found that no officer of the city had power or authority to waive statutory notice. 112 Kan. at 732.

In *Mowery*, the plaintiff filed a notice of claim with the City of Kansas City, but stated the wrong accident date. Affirming the district court's dismissal of the plaintiff's case, the *Mowery* court held that the notice containing the erroneous accident date did not meet the statute's notice requirement. The plaintiff had also argued that the investigating officer's report which contained the date of the accident constituted notice to the City. The *Mowery* court rejected this argument, stating that notice to a police officer who investigated the matter and his report of the accident to the chief of police was not a sufficient compliance with the statute. The *Mowery* court concluded: "The statute requires a written statement to be filed with the city clerk. This is not a great burden to put upon a claimant and must be complied with." 115 Kan. at 62.

We note that after *Dechant* and *Mowery*, this court, when discussing the prior notice statute, stated in *Hibbs v. City of Wichita,* 176 Kan. 529, 535, 271 P.2d 791 (1954), "[W]e are convinced the filing of the statement with the city clerk is just as much, and just as vital, a condition precedent to the maintenance of the action as the condition prescribing the period of time within which such statement must be filed."

In *James v. City of Wichita,* this court somewhat modified its strict compliance standard. The issue in *James* was whether the district court erred in denying plaintiff's motion for leave to amend the pleadings to allege that she had complied with the notice of claim requirement. The plaintiff had provided timely notice sufficient to comply with the notice statute but failed to allege in the original petition compliance with the statute's notice requirement as a condition precedent to filing the suit. The defendant moved for dismissal of plaintiff's petition for failure to allege that the notice condition precedent had been met. The plaintiff then moved to amend the petition to allege compliance with the condition precedent. To prove compliance, the plaintiff submitted a receipt showing timely notice to the city clerk. 202 Kan. at 223. The district court denied the plaintiff's motion to amend the petition and dismissed the case. The plaintiff appealed.

The *James* court observed that (1) compliance with the notice of claim statute was a condition precedent to a claim for relief against a city on account of injuries to persons or property; (2) performance of the conditions imposed by the statute must be pleaded and proved, but it is sufficient under K.S.A. 60-209(c) to aver generally that all conditions precedent have been performed; and (3) a petition filed against a city on account of injury to persons or property which fails to aver generally that all conditions precedent have been performed fails to show that the pleader is entitled to relief and is insufficient.

After making these observations, the *James* court concluded that, in the interest of justice, permission to amend a pleading should be freely granted, and an amendment will relate back to the date of the original pleading (1) when the claim asserted in the amended pleading arose out of the conduct, transaction, or occurrence at-

tempted to be set forth in the original pleading, (2) when the opposing party received adequate notification of the conduct, transaction, or occurrence giving rise to the claim, and (3) when it will not be inequitable or unjust to relate the amendment back. It further concluded that in an action against a city for injuries received (1) the petition was insufficient, and (2) the trial court erred in refusing permission to amend the petition. 202 Kan. at 226-27.

As previously noted, prior to 1968, K.S.A. 12-105 contained the notice of claim provision as a precondition for filing a claim against a municipality. See K.S.A. 12-105 (Corrick). In 1968, the legislature enacted K.S.A. 12-105a and 12-105b. K.S.A. 12-105a(a) defined "municipality" as a nonexclusive list of political subdivisions and taxing units, including their boards, bureaus, commissions, committees and other agencies. K.S.A 12-105b provided the method for submitting claims against a municipality. In 1979, K.S.A. 12-105 was repealed, including the notice of claim provision. L. 1979, ch. 186, § 33. In 1987, the legislature amended K.S.A. 12-105b to include the notice of claim provision still in effect at the time of Bell's claim. L. 1987, ch. 353, § 9.

K.S.A. 12-105b provides:

"(a) All claims against a municipality must be presented in writing with a full account of the items, and no claim shall be allowed except in accordance with the provisions of this section. A claim may be the usual statement of account of the vendor or party rendering a service or other written statement showing the required information.

. . . .

"(d) Any person having a claim against a municipality which could give rise to an action brought under the Kansas tort claims act shall file a written notice as provided in this subsection before commencing such action. The notice shall be filed with the clerk or governing body of the municipality and shall contain the following: (1) The name and address of the claimant and the name and address of the claimant's attorney, if any; (2) a concise statement of the factual basis of the claim, including the date, time, place and circumstances of the act, omission or event complained of; (3) the name and address of any public officer or employee involved, if known; (4) a concise statement of the nature and the extent of the injury claimed to have been suffered; and (5) a statement of the amount of monetary damages that is being requested. *In the filing of a notice of claim, substantial compliance with the provisions and requirements of this subsection shall constitute valid filing of a claim.* The contents of such notice shall not be admissible in any subsequent action arising out of the claim. Once notice of the claim

is filed, no action shall be commenced until after the claimant has received notice from the municipality that it has denied the claim or until after 120 days has passed following the filing of the notice of claim, whichever occurs first. A claim is deemed denied if the municipality fails to approve the claim in its entirety within 120 days unless the interested parties have reached a settlement before the expiration of that period. No person may initiate an action against a municipality unless the claim has been denied in whole or part. Any action brought pursuant to the Kansas tort claims act shall be commenced within the time period provided for in the code of civil procedure or it shall be forever barred, except that, if compliance with the provisions of this subsection would otherwise result in the barring of an action, such time period shall be extended by the time period required for compliance with the provisions of this subsection." (Emphasis added.)

The cases previously discussed predate the legislature's definition of municipalities in K.S.A. 12-105a(a) and the addition of the "substantial compliance" language in the notice of claims provision. When the legislature revises an existing law, it is presumed the legislature intended to change the law as it existed prior to the amendment. *State v. Spain*, 263 Kan. 708, 711, 953 P.2d 1004 (1998); *Osborn v. Electric Corp. of Kansas City*, 23 Kan. App. 2d 868, 871, 936 P.2d 297, *rev. denied* 262 Kan. 962 (1997).

Significantly, there are no Kansas Supreme Court decisions addressing the addition of the substantial compliance language to the requirement that a municipality's governing body be served with a notice of claim.

However, the federal district court of Kansas and the Kansas Court of Appeals in a recent case have touched on this issue. In *Huffman v. City of Prairie Village, Ks*, 980 F. Supp. 1192 (D. Kan. 1997), the plaintiff worked for the Prairie Village Police Department. Alleging sex discrimination, Huffman served the city attorney with a notice of claim and then sued the department and the City of Prairie Village for intentional infliction of emotional distress. In determining whether the notice to the city attorney rather than the city clerk substantially complied with K.S.A. 12-105b, the *Huffman* court acknowledged a split of authority as to whether notice to a city attorney is sufficient to comply with similar statutes in other states. It noted that Kansas courts had not yet considered whether notice to the city attorney was sufficient to comply with the requirements of the K.S.A. 12-105b. The court reviewed sev-

eral older cases involving a statute similar to K.S.A. 12-105b where the Kansas courts concluded that notice filed with the clerk is a condition precedent to filing an action against a municipality, and the fact that city officials may be aware of the incident or the claim did not enable such officials to waive the requirements of the statute. 980 F. Supp. at 1206 (citing *Howell v. City of Hutchinson*, 177 Kan. 722, 728, 282 P.2d 373 [1955]; *Dechant v. City of Hays*, 112 Kan. 729).

In *Tank v. Chronister*, 941 F. Supp. 969 (D. Kan. 1996), the federal district court denied Wilson County Hospital's motion to dismiss based upon a failure to meet K.S.A. 12-105b notice requirements. The husband of a deceased patient sued the Board of Trustees of the hospital and the treating physician for medical malpractice. The husband dismissed his initial lawsuit and refiled several months later. The husband had failed to give notice of the claim as required by statute. Nevertheless, the federal court determined that the service of the first petition constituted substantial compliance with the statute's notice requirements. It noted:

"Prior to filing the present action, the plaintiff filed a separate action against the hospital to preserve access to Kathleen Tank's medical records, and this action and the associated pleadings serve as notice that an action for damages would follow. By its express terms, the notice statute requires only substantial compliance . . . . 'Substantial compliance' under Kansas law means 'compliance in respect to the essential matters necessary to assure every reasonable objective of the statute.' *City of Lenexa v. City of Olathe*, 233 Kan. 159, 164, 660 P.2d 1368 (1983). The notice statute at issue here requires that a claimant 'makes an attempt to state each element required of the notice.' *Wiggins v. Housing Auth. of Kansas City*, 19 Kan. App. 2d 610, 613, 873 P.2d 1377, *rev. denied*, 255 Kan. 1007 (1994) (citing *Tucking v. Board of Jefferson County Com'rs*, 14 Kan. App. 2d 442, 796 P.2d 1055, *rev. denied*, 246 Kan. 770 [1990]).

. . . .

". . . The plaintiff here clearly fulfilled the purpose of the statute by giving a clear indication to the hospital of the claim that would be raised against it, along with information which would allow the hospital to adequately investigate the basis for that claim." 941 F. Supp. at 975.

In *Smith v. Kennedy*, 26 Kan. App. 2d 351, 958 P.2d 215, *rev. denied* 268 Kan. 888 (1999), the plaintiff was injured in a motorcycle accident. He was initially treated by a doctor at a county

hospital. Later, he was taken to the University of Kansas Medical Center where his right leg was amputated.

Alleging negligent treatment at the county hospital, Smith sent identical notices of claim to the county clerk and the chief executive officer of the county hospital on December 10, 1996. On May 5, 1997, Smith sued the county hospital and the doctor in his capacity as a hospital employee. On July 25, 1997, Smith filed an amended petition, substituting the Board of Trustees of the county hospital as a named defendant for the county hospital.

After amending the petition on August 12, 1997, Smith faxed a notice of claim to the chairman of the Board of Trustees of the county hospital. The trial court, when dismissing the plaintiff's action, determined that the plaintiff's faxed notice to the Board was valid but ineffective because the amended petition was filed prior to the notice—a condition precedent that had not been met before the filing of a tort claim against a municipality.

Smith appealed, arguing to the Court of Appeals that notices to the county clerk and the CEO of the hospital comply with the statute's requirements or alternatively constitute substantial compliance. The Court of Appeals observed that the issue raised a question of statutory interpretation, which is a question of law over which an appellate court has unlimited review. *King v. Pimentel*, 20 Kan. App. 2d 579, 589, 890 P.2d 1217 (1995); *Tucking v. Board of Jefferson County Comm'rs*, 14 Kan. App. 2d 442, 444, 796 P.2d 1055, *rev. denied* 246 Kan. 770 (1990).

The Court of Appeals noted that the legislative intent when enacting K.S.A. 12-105b was to insure that a municipality is made aware of a claim against it and that the municipality has ample time to investigate the claim before being sued on that claim. The *Smith* court observed that the notices of claim were sent to the chief executive officer of the county hospital and the county clerk. It pointed out that under K.S.A. 12-105a, the board of county commissioners was the parent unit of the county hospital. In addition, the county hospital's CEO notice furnished the essentials required by the statute. The court concluded that Smith's notices to the board of county commissioners and the county hospital's CEO sub-

stantially complied with the written notice provisions of K.S.A. 12-105b.

Here, the letter sent from Coleman Smith, Casualty General Adjuster of Crawford & Company, to Bell on August 29, 1996, indicates that the defendant and its insurance company were aware of Bell's name and address, and the date and facts of the accident. The letter states that the insurance company had completed its investigation, and, "after a careful review of all of the facts," the insurance adjuster determined and informed the Housing Authority that it had no liability for the injuries claimed by Bell.

Substantial compliance with subsection (d) is what is required under the present notice of claim statute. See K.S.A. 12-105b(d). Although the statute requires *written* notice to the *clerk or governing body of the municipality,* the district court failed to determine whether under the facts and circumstances Bell's notice to the Housing Authority substantially complied with K.S.A. 12-105b(d).

Bell points out that the district court's decision to dismiss her case was predicated upon evidence outside the pleadings; therefore, dismissal of her case was, in effect, a summary judgment, and summary judgment is not appropriate where the parties have not completed discovery.

The day before the hearing on the Housing Authority's motion to dismiss, the district court granted a motion by the Housing Authority for an extension of time to respond to Bell's interrogatories and production of documents. The motion became moot when the court dismissed the case. Bell argues to this court that she anticipated additional discovery could have uncovered a notice of claim to the Housing Authority sufficient to constitute substantial compliance.

Bell is correct. Ordinarily, summary judgment should not be granted when discovery is incomplete. *Bank IV Wichita v. Arn, Mullins, Unruh, Kuhn & Wilson,* 250 Kan. 490, 498, 827 P.2d 758 (1992). Clearly, discovery was not complete in this case. Therefore, the district court erred in granting summary judgment prior to the close of discovery.

We also note that the dismissal of Bell's case was with prejudice. The sanction of dismissal with prejudice is the most severe sanction a court can apply and its use must be tempered by the careful exercise of judicial discretion to assure that its imposition is merited. *Sanders v. City of Kansas City*, 18 Kan. App. 2d 688, 693, 858 P.2d 833 (1993), *cert. denied* 511 U.S. 1052 (1994).

The district court's decision to dismiss the plaintiff's action with prejudice prior to completing discovery foreclosed further discovery which might support a finding that Bell's notice to the Housing Authority substantially complied with the notice of claim statute.

Reversed and remanded for further proceedings.

MCFARLAND, C.J., ALLEGRUCCI, J., and SIX, J., concur in the result.