No. 92,184

CHARLES F. MYERS, *Appellee*, v. THE BOARD OF COUNTY
COMMISSIONERS OF JACKSON COUNTY, KANSAS, *Appellant*.

(127 P.3d 319)

Opinion filed February 3, 2006.

*Pantaleon Florez, Jr.*, of Topeka, argued the cause and was on the brief for appellant.

*Teresa L. Sittenauer*, of Fisher, Patterson, Sayler & Smith, L.L.P. of Topeka, argued the cause, and *J. Steven Pigg*, of the same firm, was on the brief for appellee.

The opinion of the court was delivered by

LOCKETT, J.: The Board of County Commissioners for Jackson County (Board) appeals the Court of Appeals' decision holding that Myers substantially complied with the notice provisions of K.S.A. 2004 Supp. 12-105b by sending a claim letter and proposed petition to the county counselor. The sole issue is whether Myers complied with the notice requirements of K.S.A. 2004 Supp. 12-105b.

Charles Myers was terminated from his employment in the Road and Bridge Department of Jackson County. Believing his termination was in retaliation for filing a workers compensation claim, Myers hired an attorney who sent a claim letter and proposed petition to the Jackson county counselor (county counselor). The county counselor presented the letter to the Board of County Commissioners (Board). Without a formal hearing, each commissioner

reviewed and rejected the claim. The county counselor then advised Myers' attorney that the Board had denied the claim. Myers filed his petition in the district court. The Board answered and demanded summary judgment, claiming Myers had failed to comply with the notice requirements of K.S.A. 2004 Supp. 12-105b(d).

At the summary judgment motion hearing, the county counselor conceded that the letter and petition complied with the content requirement of the notice of claim statute and that each member of the Board had reviewed and acted on the claim. The Board alleged that service on the county counselor was jurisdictionally fatal because 12-105b(d) requires that notice shall be filed with the clerk or governing body of the municipality.

The district court agreed that serving the notice of claim on the county counselor did not comply with the statute and granted the Board's motion for summary judgment. Myers appealed to the Court of Appeals. The majority of the Court of Appeals judges reversed the district court and remanded the matter for further proceedings. Judge Green filed a dissenting opinion. *Myers v. Board of Jackson County Comm'rs*, No. 92,184, unpublished opinion filed January 28, 2005, slip op. at 10. This court granted the Board's petition for review.

The Board asserts that Myers did not substantially comply with the requirements of K.S.A. 2004 Supp. 12-105b(d). The Board argues that Myers was required by statute to serve notice of his claim on the county clerk or the Board, therefore, service on the county counselor was not in substantial compliance with that requirement.

Myers claims that service on the county counselor substantially complied with the notice requirements of K.S.A. 2004 Supp. 12-105b(d) because the Board had actual notice of his claim, had investigated the claim, and denied the claim.

Procedurally, the matter is before this court based on the district court's grant of the Board's motion for summary judgment. We note that Myers was terminated from his employment on February 16, 1999. K.S.A. 12-105b has been amended three times since that date. However, none of the amendments are at issue in this case.

" 'The standard of review for a motion for summary judgment is well established. Summary judgment is appropriate when the pleadings, depositions, an-

swers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. K.S.A. 60-256(c). On appeal, we apply the same rules, and where we find reasonable minds could differ as to the conclusions drawn from the evidence, summary judgment must be denied.' " *State ex rel. Graeber v. Marion County Landfill, Inc.*, 276 Kan. 328, 341, 76 P.3d 1000 (2003) (quoting *Jackson v. U.S.D. 259*, 268 Kan. 319, 322, 995 P.2d 844 [2000]).

Here, the parties do not dispute the facts regarding Myers' service of notice on the Board. When there is no factual dispute, this court reviews the district court's grant of summary judgment as a question of law subject to de novo review. *Stone v. U.S.D. No. 222*, 278 Kan. 166, 178, 91 P.3d 1194 (2004). Resolution of this issue requires this court to interpret K.S.A. 2004 Supp. 12-105b(d). Interpretation of a statute is a question of law subject to de novo review. *Cummings v. City of Lakin*, 276 Kan. 858, 861, 80 P.3d 356 (2003).

K.S.A. 2004 Supp. 12-105b(d) sets forth the notice requirements, providing:

"Any person having a claim against a municipality which could give rise to an action brought under the Kansas tort claims act shall file a written notice as provided in this subsection before commencing such action. The notice shall be filed with the *clerk or governing body of the municipality* and shall contain the following: (1) The name and address of the claimant and the name and address of the claimant's attorney, if any; (2) a concise statement of the factual basis of the claim, including the date, time, place and circumstances of the act, omission or event complained of; (3) the name and address of any public officer or employee involved, if known; (4) a concise statement of the nature and the extent of the injury claimed to have been suffered; and (5) a statement of the amount of monetary damages that is being requested. *In the filing of a notice of claim, substantial compliance with the provisions and requirements of this subsection shall constitute valid filing of a claim.* The contents of such notice shall not be admissible in any subsequent action arising out of the claim. Once notice of the claim is filed, no action shall be commenced until after the claimant has received notice from the municipality that it has denied the claim or until after 120 days has passed following the filing of the notice of claim, whichever occurs first. A claim is deemed denied if the municipality fails to approve the claim in its entirety within 120 days unless the interested parties have reached a settlement before the expiration of that period. No person may initiate an action against a municipality unless the claim has been denied in whole or part. Any action brought pursuant to the Kansas tort claims act shall be commenced within the time period provided for in the code of civil procedure or it shall be forever barred, except that, a claimant shall

have no less than 90 days from the date the claim is denied or deemed denied in which to commence an action." (Emphasis added.)

To support its claim, the Board relies on *Zeferjohn v. Shawnee County Sheriff's Dept.*, 26 Kan. App. 2d 379, 988 P.2d 263 (1999). Zeferjohn was injured in a car accident while in the custody of the Shawnee County Sheriff's Department and brought an action against Shawnee County (County) for his injuries. Prior to filing his petition in district court, Zeferjohn served a notice of claim pursuant to K.S.A. 1998 Supp. 12-105b on the county counselor. Although there is no indication that the County was prejudiced by Zeferjohn's failure to provide the notice to the county clerk or the County's governing body, the *Zeferjohn* court held that providing the notice to the county counselor did not substantially comply with 12-105b. 26 Kan. App. 2d at 381, 383.

In reaching this conclusion, the *Zeferjohn* court relied on *Huffman v. City of Prairie Village, KS*, 980 F. Supp. 1192, 1195 (D. Kan. 1997), where the plaintiff brought an action for employment discrimination against the City of Prairie Village (City) in the federal district court. The City sought summary judgment on plaintiff's outrage claim because the plaintiff had not complied with the service requirements of K.S.A. 12-105b (Furse 1991). The *Huffman* court noted that plaintiff had served a written notice of claim on the city attorney rather than the clerk. After considering decisions from other states which concluded that written notice to the city attorney was insufficient (see *McGuire v. Hennessy*, 292 Minn. 429, 193 N.W.2d 313 [1971]; *Long v. Knoxville*, 62 Tenn. App. 665, 467 S.W.2d 309 [1970]), the *Huffman* court concluded that the language in 12-105b was clear and did not authorize serving notice on the city attorney. Thus, the notice to the city attorney did not substantially comply with 12-105b. 980 F. Supp. at 1206.

In addition, the *Zeferjohn* court relied on *Mowrey v. Kansas City*, 115 Kan. 61, 62, 222 Pac. 126 (1924), and *Cook v. Topeka*, 75 Kan. 534, 536, 90 Pac. 244 (1907), interpreting the statutory predecessors to 12-105b, which required written notice to be provided to the city clerk. However, in each of these cases, the plaintiffs provided a written notice of their claims to the city clerk as

required by statute. The issue addressed in these cases was whether the plaintiffs provided adequate details of the claim in the notice, not the failure to serve the notice on the city clerk. *Mowrey*, 115 Kan. at 62; *Cook*, 75 Kan. at 536.

Although *Zeferjohn* appears to be directly on point, the Court of Appeals declined to apply the rationale of *Zeferjohn*, stating:

"We do not view *Zeferjohn* as requiring affirmance in this case. First, the early 20th century Kansas Supreme Court cases upon which *Zeferjohn* relied predated the modern statutory provision which permits substantial compliance rather than strict compliance. The federal district court case that *Zeferjohn* found persuasive, *Huffman v. City of Prairie Village, KS*, . . ., was itself based on some of those early Kansas cases, *e.g., Dechant.*"

. . . .

"The *Zeferjohn* opinion acknowledged that the authorities on the subject were not recent cases, but the panel believed that the Supreme Court would not reverse its position and would require that a notice of claim only be served on the municipality's clerk or governing body. [Citation omitted.] Although subsequent Supreme Court cases have not specifically addressed the efficacy of service on a county counselor, *Bell v. Kansas City, Kansas, Housing Authority*, 268 Kan. 208, 992 P.2d 1233 (1999), and *Orr v. Heiman*, 270 Kan. 109, 113, 12 P.3d 387 (2000), suggest that a claimant is to be afforded some latitude in serving a notice of claim." *Myers*, slip op at 5-6.

In *Bell v. Kansas City, Kansas, Housing Authority*, 268 Kan. 208, 922 P.2d 1233(1999), the plaintiff filed a personal injury claim against the Kansas City, Kansas Housing Authority (Housing Authority). The Housing Authority's insurance carrier denied the plaintiff's claim. However, the facts did not establish whether the plaintiff made an oral claim or a written claim, who made the claim, or to whom the claim was made. After the insurance carrier denied the plaintiff's claim, the plaintiff's attorney sent a letter to the city clerk in an attempt to comply with the Tort Claims Act. After discussing prior case precedent based on the statutory predecessor to K.S.A. 12-105b (Furse 1991) and acknowledging the addition of the "substantial compliance" language, the *Bell* court remanded the matter to the district court to complete discovery without deciding whether the service of notice to the city clerk substantially complied with 12-105b. In reaching its decision, the *Bell* court noted that the completion of discovery might provide evidence to

support a finding that the plaintiff had substantially complied with the notice requirements. 268 Kan. at 221.

In *Orr v. Heiman*, 270 Kan. 109, 12 P.3d 387 (2000), the plaintiff sent demand letters outlining her claim to the superintendent of U.S.D. 281, Tom Heiman. U.S.D. 281 argued that the notice to the school superintendent failed to comply with K.S.A. 1999 Supp. 12-105b, which required notice to be mailed to the school board. Noting that the authority of the cases requiring strict compliance with the statute had been diminished by the addition of the "substantial compliance" language, the *Orr* court held that mailing the notice to the superintendent substantially complied with 12-105b. After noting that it would have been better practice to mail the notice to the clerk of the school board, the *Orr* court concluded that, because the superintendent was recognized by K.S.A. 72-8202b(c) as having " 'charge and control of the public schools', substantial compliance with 12-105b(d) was met." 270 Kan. at 114-15.

Although it is not defined in K.S.A. 2004 Supp. 12-105b, "substantial compliance" has been defined by case law as meaning " ' "compliance in respect to the essential matters necessary to assure every reasonable objective of the statute." ' " *Orr*, 270 Kan. at 113. The objective of the statute is to "advise the proper municipality . . . of the time and place of the injury and give the municipality an opportunity to ascertain the character and extent of the injury sustained." *Bell*, 268 Kan. at 210.

Myers argues that the objective of the statute was achieved by the notice he provided to the county counselor. The Board was advised of his claim, including the time and place of his injury. Myers argues that the Board had an opportunity to ascertain the character and extent of Myer's injury because the Board denied his claim.

To support this argument, Myers relies on *Shaffer v. City of Topeka*, 30 Kan. App. 2d 1232, 57 P.3d 35 (2002). In *Shaffer*, the plaintiff sent two notice letters and then, to forestall a statute of limitations defense, sought a determination that its first notice letter did not substantially comply with K.S.A. 12-105b (Furse 1991) because it had been addressed to the assistant city attorney rather

than the city clerk. Noting that Shaffer sent a copy of the first notice letter to the city clerk in addition to the copy addressed to the assistant city attorney, the *Shaffer* court concluded that the notice substantially complied with 12-105b. 30 Kan. App. 2d at 1233-35. *Shaffer* does not support Myers' argument because Myers did not send a copy of his notice to the county clerk in addition to the original he sent to the county counselor.

If this court concludes that Myers' notice substantially complies with K.S.A. 2004 Supp. 12-105b because the Board issued a decision regarding the merits of Myers' claim, we would establish a new, judicially created method of serving notice beyond the methods established by the legislature in K.S.A. 2004 Supp. 12-105b.

We note that in *Haley v. Hershberger*, 207 Kan. 459, 463, 485 P.2d 1321 (1971), this court refused to adopt new, judicially created methods of serving process as substantial compliance with the service requirements established by the legislature in the Code of Civil Procedure. The plaintiffs in *Haley* served the defendant by leaving the original summonses with Hershberger's secretary at his office. Although K.S.A. 60-304 (Corrick 1964) has since been amended to allow service of process at a defendant's business if service at the defendant's home is refused or unclaimed, the then current version of 60-304 did not authorize service at a person's business. The *Haley* court acknowledged the substantial compliance language in K.S.A. 60-204, but concluded that the "substantial compliance" language could not originate a new method of service beyond that established by the legislature. 207 Kan. at 463-64.

Under the Kansas Code of Civil Procedure, an action is not commenced if service of process is improper as opposed to insufficient. *Hopkins v. State*, 237 Kan. 601, 605, 702 P.2d 311 (1985). In *Hopkins*, the plaintiff sued the City of Salina (Salina), the Salina Police Department (SPD), and other defendants, for damages to his home. The plaintiff served process on Salina and the SPD by serving the city attorney rather than the city clerk or mayor as required by K.S.A. 60-304(d)(3)(Ensley 1983). 237 Kan. at 604. Notwithstanding the statute providing for substantial compliance, the *Hopkins* court concluded that the service was void, rather than voida-

ble; therefore, the district court never acquired jurisdiction over Salina or the SPD. 237 Kan. at 605.

*Haley* and *Hopkins*, however, should not be read to eliminate the possibility of substantial compliance in serving process under the Code of Civil Procedure. *Chee-Craw Teachers Ass'n v. U.S.D. No. 247*, 225 Kan. 561, 593 P.2d 406 (1979), gives an example of how substantial compliance applies to serving a summons and is helpful in reconciling this case with *Orr* and *Zeferjohn*. The defendant school board in *Chee-Craw Teachers Ass'n* argued that the service of process was improper and thus void because it did not comply with K.S.A. 60-304(d) (Weeks 1978), which required the process to be served on the clerk of the school board. When the process server arrived, the clerk was away from her office, so the superintendent of schools talked to the process server, became aware of the nature of the papers served, and mailed copies of the papers to each member of the school board the following day. The *Chee-Craw Teachers Ass'n* court concluded that under these circumstances the plaintiff had substantially complied with the service provisions and the school board had not been prejudiced. 225 Kan. at 563.

The decision in *Chee-Craw Teachers Ass'n* supports the decision in *Orr*, which considered service on the superintendent of the school district as substantial compliance with K.S.A. 1999 Supp. 12-105b. However, *Orr* can be distinguished from this case and *Zeferjohn* because of the superintendent's statutory position of control over the school board. In the present case, the county counselor has no authority or control over the Board. In his dissenting opinion in the court of appeals, Judge Green noted that distinction between this case and *Orr*. Slip op. at D-4.

K.S.A. 2004 Supp. 12-105a(a) broadly defines "municipality" to include counties. It is a longstanding rule that filing a proper notice of a claim is a prerequisite to filing an action with the district court against a county or other municipality. K.S.A. 2004 Supp. 12-105b(a), (d); *Gessner v. Phillips County Comm'rs*, 270 Kan. 78, 81-82, 11 P.3d 1131 (2000). Failure to provide the statutory notice of a claim in accordance with K.S.A. 2004 Supp. 12-105b precludes relief. *Gessner*, 270 Kan. at 82. Thus, K.S.A. 2004 Supp. 12-105b

is jurisdictional like K.S.A. 2004 Supp. 60-304. If the statutory requirements are not met, the court cannot acquire jurisdiction over the municipality. Allowing a claimant to serve notice on a county counselor or anyone else who is not the "clerk or governing body of the municipality" as specified in K.S.A. 2004 Supp. 12-105b(d) would violate the clear language in K.S.A. 2004 Supp. 12-105b. The "substantial compliance" language does not authorize the court to create new methods of serving notice of claim. See *Hopkins*, 237 Kan. at 605; *Haley*, 207 Kan. at 464; *Zeferjohn*, 26 Kan. App. 2d at 382-83.

Myers' service of notice on the county counselor does not substantially comply with provisions of K.S.A. 2004 Supp. 12-105b(d). The Court of Appeals is reversed based on *Zeferjohn*, *Haley*, and *Hopkins*, and the district court is affirmed.