NOT DESIGNATED FOR PUBLICATION

No. 114,339

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

FOUR SEASONS PROPERTIES, L.C.,
*Appellee*,

v.

MARY SOMRAK,
*Defendant*,
MARY JENNELL TEBBETTS,
*Appellant*,
and FOUR SEASONS MH COMMUNITY, LLC,
*Appellee*.

MEMORANDUM OPINION

Appeal from Geary District Court; STEVEN L. HORNBAKER, judge. Opinion filed June 17, 2016.
Affirmed.

*Phillip L. Turner*, of Turner & Turner, of Topeka, for appellant.

*P. Bernard Irvine*, of Morrison, Frost, Olsen, Irvine & Schartz, LLP, of Manhattan, for appellee.

Before ARNOLD-BURGER, P.J., SCHROEDER, J., and JEFFREY E. GOERING, District Judge, assigned.

*Per Curiam*:  Due to a clear oversight, the district court failed to include a cross-claim in a pretrial order. After all other parties settled and a motion to dismiss with prejudice was filed as to all claimants, the nonsettling cross-claimant realized the error. The cross-claimant filed a motion to correct the error in the pretrial order. However, rather than correct the pretrial order, the district court dismissed the cross-claim without

1

prejudice. One of the parties subject to the cross-claim appeals arguing that the district court was required to dismiss the claim with prejudice. Because we find that the district court did not abuse its discretion in dismissing the cross-claim without prejudice, we affirm.

FACTUAL AND PROCEDURAL HISTORY

At first blush, this case appears to involve several parties tangled in a complicated procedural knot. Luckily, the facts immediately relevant to this appeal are much simpler than meets the eye.

Mary Tebbetts and Mary Somrak purchased nine mobile homes from Four Seasons Properties, L.C. (Four Seasons) on an installment sale contract. The contract required that Tebbetts and Somrak maintain the mobile homes and pay all the lot rental fees. But nearly 3 years later, Four Seasons filed suit against Tebbetts, Somrak, and several others, alleging—among other things—that Tebbetts and Somrak failed to pay the lot rental fees as agreed.

One of the defendants in the suit was Four Seasons MH Community, LLC (MHC), which owned and operated the mobile home lots. In its answer, MHC asserted a cross-claim against Somrak and Tebbetts for the unpaid rent and late fees. This claim alone gives rise to the present appeal.

Somrak and Tebbetts defended themselves vigorously against the suit, moving for dismissal and raising a number of counter- and cross-claims against Four Seasons and MHC. Eventually, the district court granted summary judgment in favor of Four Seasons on its initial claims.

2

At a pretrial conference, the parties discussed all the remaining claims, including MHC's cross-claim. There, Tebbetts' attorney acknowledged the "issue of the . . . requests for rent, judgment for rent." Later in the hearing, when the district court omitted MHC's cross-claim from the list of outstanding claims, MHC's counsel noted:  "[T]here's rent claims that we would have against Mary Tebbetts." Again, Tebbetts' attorney acknowledged existence of this cross-claim. But for whatever reason, the final pretrial order again omitted MHC's cross-claim, instead including only Tebbetts' claims against Four Seasons and MHC. Apparently unaware of this error, MHC moved to try its cross-claim against both Tebbetts and Somrak, who at the time was the subject of a bankruptcy stay.

Before the district court decided this issue, however, Tebbetts moved to dismiss all claims with prejudice. Apparently noticing the oversight in the pretrial order for the first time, MHC responded by moving to correct the pretrial order. Rather than rule directly on that issue, however, the district court granted Tebbetts' motion. Specifically, the district court's order provided:

"1. MHC's rent claim against Mary Somrak and Tebbetts is not identified as an issue for trial in the Pretrial Order.

"2. After hearing Tebbetts counsel's argument that the claims for rents by MHC, against Tebbetts should be dismissed with prejudice because of the pretrial order . . . the Court finds the argument without merit; refuses to dismiss such claims with prejudice and further finds that MHC may pursue its claim for rents against Tebbetts in a separate action.

. . . .

"4. The Tebbetts' claims should be dismissed with prejudice."

3

The district court further ordered: "The claims stated in the Pretrial Order . . . are dismissed with prejudice. . . . MHC may bring a separate action on the claims for rent against any proper party deemed appropriate."

Tebbetts timely appealed.

ANALYSIS

On appeal, Tebbetts argues that the district court needed to dismiss MHC's cross-claim *with* prejudice. Preliminarily, the district court's order in this case leaves the status of MHC's claim somewhat unresolved. Clearly, the district court dismissed Tebbetts' claims with prejudice, but MHC's claim is simply left to be brought in a separate action. This language implicitly dismisses the whole case, MHC's outstanding claim included.

Tebbetts acknowledges that a dismissal of MHC's claim without prejudice occurred, as her whole argument revolves around why a dismissal with prejudice is warranted. Tebbetts' contention is this: by failing to include MHC's cross-claim in the pretrial order, the district court *permanently* eliminated it. By authorizing MHC to pursue the unpaid rent issue in a separate action, the district court improperly resurrected the eliminated claim, and the only way to correct this error is to order a dismissal *with* prejudice.

As Tebbetts observes, the unpaid rent claim was omitted from the pretrial order. A pretrial order essentially memorializes the actions taken at the pretrial conference, where the parties whittle down outstanding issues to be resolved. See K.S.A. 2015 Supp. 60-216(c), (d). "[T]he purpose of a pretrial conference is to eliminate the element of surprise from trials and to simplify the issues and procedure by effecting full disclosure to all parties of the anticipated evidence and the contested issues." *Bussman v. Safeco Ins. Co. of America*, 298 Kan. 700, Syl. ¶ 2, 317 P.3d 70 (2014). Therefore, the pretrial order

4

"should supersede pleadings and control the future course of the action." *Hibbert v. Ransdell*, 29 Kan. App. 2d 328, 335, 26 P.3d 721, *rev. denied* 272 Kan. 1417 (2001). For that reason, district courts will "not entertain an issue or claim that is omitted from the pretrial order." *Bussman*, 298 Kan. 700, Syl. ¶ 2. However, the order can be modified to prevent manifest injustice. K.S.A. 2015 Supp. 60-216(d); 298 Kan. 700, Syl. ¶ 2.

Tebbetts alleges that although the pretrial order in this case could be modified, the district court failed to find the sort of manifest injustice that would justify including the omitted claim. But Tebbetts fails to recognize that the omission at issue here is clearly an oversight. After all, MHC raised the issue of unpaid rent in its first pleading, and the parties repeatedly referenced the claim during the pretrial conference. In fact, Tebbetts' own counsel twice acknowledged the outstanding unpaid rent claim. Moreover, MHC included the claim in its pretrial questionnaire. Given that all parties knew about this claim and MHC moved to amend the pretrial order after discovering the omission, it is clear that the district court could have found manifest injustice and corrected the error, especially as modification of the order is within the district court's sound discretion. See *Black v. Don Schmid Motor, Inc.*, 232 Kan. 458, 468, 657 P.2d 517 (1983). In other words, Tebbetts' argument that the error in the pretrial order permanently eliminated the claim and removed any chance of MHC modifying the order is unpersuasive.

As for Tebbetts' insistence that the unpaid rent claim needed to be dismissed with prejudice, our Kansas Supreme Court has previously held: "The sanction of dismissal with prejudice is the most severe sanction a court can apply and its use must be tempered by the careful exercise of judicial discretion . . . ." *Bell v. Kansas City, Kansas Housing Authority*, 268 Kan. 208, 221, 992 P.2d 1233 (1999). Aside from her allegations that the pretrial order could not be modified, Tebbetts provides no justification for applying this severe sanction. And given that judicial discretion is only abused if the action is (1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact, it cannot fairly be said that the district court overstepped its bounds. See

*Northern Natural Gas Co. v. ONEOK Field Services Co.*, 296 Kan. 906, 935, 296 P.3d 1106 (2013). Neither Tebbetts nor the record reveals any reason to dismiss MHC's claim with prejudice. Accordingly, we affirm the district court's decision to dismiss the claim without prejudice.

Affirmed.